**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| Waliyyuddin S. Abdullah | : |
|                                           Plaintiff, | : |
|                                                             | : |
| v. | : |
|                                                             | : |
| Mr. Justin Davids, Ms. Katlin Elwood, | : |
| Bank of America Financial Center | : |
| Mr. Brendan McMoran | : |
| Mr. McMoran's Branch Bank Manager | : |
| Mr. McMoran's Bank Branch | : |
|                                                             | : |
|                                           Defendants. | : |
|  | : |

Civil Action No._____

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332 and 1441, Defendants Justin Davids, Katlin Elwood, Bank

of America, N.A., Brendan McMoran, Brendan McMoran's Branch Bank Manager, and Wells

Fargo Bank, N.A.,[1] hereby remove this action, pending as Case No. 3124 (Control No.

16093124) in the Court of Common Pleas of Philadelphia County, Pennsylvania, to the United

States District Court for the Eastern District of Pennsylvania.   As grounds for removal,

Defendants state as follows:

**I.      INTRODUCTION**

1.      Removal of this action is proper under 28 U.S.C. § 1441.  The Court has original

jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) and the fraudulent joinder doctrine,

---

[1] Bank of America, N.A. and Wells Fargo Bank, N.A. were incorrectly named in the Complaint
as "Bank of America Financial Center" and "Mr. McMoran's Bank Branch" respectively.

as this is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and "there is no reasonable basis in fact or colorable ground supporting the claim" against the newly added non-diverse defendants. *In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006).

2. On September 27, 2016, Plaintiff Waliyyuddin Abdullah ("Plaintiff" or "Abdullah") commenced an action by filing a complaint in the Court of Common Pleas of Philadelphia County, where it is presently captioned *Waliyyuddin S. Abdullah v. Mr. Justin Davids et al.*, Civil Action No. 3124 (Control No. 16093124). A true and correct copy of Plaintiff's Complaint—along with all process, pleadings, or orders filed in the matter—is attached hereto as **Exhibit A**.

3. On September 27, 2016, Plaintiff also filed a motion to proceed *in forma pauperis*, which was granted on October 7, 2016. True and correct copies of the motion and order granting the motion are attached in **Exhibit A**.

4. This action arises out of Plaintiff's claims that the defendants discriminated against him by frustrating his efforts to obtain a small business loan.

5. Plaintiff has filed five previous actions based on the same operative facts and asserting similar claims. As described below, Plaintiff filed the first three complaints in the United States District Court for the Eastern District of Pennsylvania, and he filed the fourth and fifth complaints in the Philadelphia Court of Common Pleas.

6. In the first two actions (E.D. Pa. Nos. 13-305 and 14-5394), this Court dismissed the complaints for failure to state a claim. In the third action (E.D. Pa. No. 14-5931), this Court dismissed for failure to state a claim and for maliciousness. In the fourth action, which was filed in state court and removed to this Court (Phila. Ct. Com. Pl. No. 150200227 and E.D. Pa.

No. 15-1196), the Court dismissed for failure to file a timely response to a motion to dismiss. In the fifth action, which was filed in state court and removed to this Court (Phila. Ct. Com. Pl. No. 16023350 and E.D. Pa. No. 16-1439), the Court dismissed based on *res judicata*.

7.     Abdullah appealed the district court's first dismissal order, and the United States Court of Appeals for the Third Circuit summarily affirmed.  July 29, 2013 Judgment and Opinion (3d Cir. No. 13-2005).

8.     Abdullah did not appeal the federal district court's second dismissal order, and instead filed another lawsuit.

9.     Abdullah appealed the district court's third dismissal order, and the Third Circuit dismissed the appeal for failure to pay the filing fee or to seek *in forma pauperis* status. January 16, 2015 Order (3d Cir. No. 14-4511).

10.     Abdullah appealed the district court's fourth dismissal order, and the Third Circuit summarily affirmed in a per curiam opinion, stating that "Abdullah's complaint is plainly barred by principles of claim preclusion." January 13, 2016 Opinion (3d Cir. No. 15-2189).

11.     Abdullah appealed the district court's fifth dismissal order, and the Third Circuit summarily affirmed in a per curiam opinion, stating that "Abdullah's complaint is plainly (again) barred by principles of claim preclusion." Sept. 7, 2016 Opinion (3d Cir. No. 16-2489).

12.     If and once Abdullah files documents in this action, Defendants plan to move under Federal Rule of Civil Procedure 11 to enjoin Abdullah from filing subsequent actions in this Court based the same or similar facts unless he seeks and receives permission from the Court to file such actions.

## II.    REMOVAL IS PROPER BECAUSE COMPLETE DIVERSITY EXISTS UNDER THE FRAUDULENT JOINDER RULE

13.    Removal of this action is proper under 28 U.S.C. §§ 1332 and 1441(a) based on diversity of citizenship among the parties.

14.    Plaintiff is a citizen of Pennsylvania residing at 2451 N. 19th Street, Philadelphia, PA 19132. *See* **Exhibit A**, Complaint, p. 3.

15.    Defendant Bank of America, N.A. is a national bank. The citizenship of a national bank is determined by the location of its designated main office, as set forth in its articles of association. *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 306 (2006). Defendant Bank of America is a national banking association with its main office in North Carolina. Thus, Bank of America is a citizen of North Carolina.

16.    Defendant Wells Fargo Bank, N.A. is a national bank. The citizenship of a national bank is determined by the location of its designated main office, as set forth in its articles of association. *Wachovia Bank, N.A.*, 546 U.S. at 306. Defendant Wells Fargo is a national banking association with its main office in California. Thus, Wells Fargo is a citizen of California.

17.    A true and correct copy of Plaintiff's Complaint in the immediate prior action ("Abdullah V") is attached hereto as **Exhibit B**. In Abdullah V, Plaintiff named only Bank of America and Wells Fargo as defendants. *See* **Exhibit B**, p. 3.

18.    This time around—in his sixth complaint—Plaintiff adds as defendants Justin Davids and Katlin Elwood, Bank of America employees, and Brendan McMoran, a Wells Fargo employee, all of whom he alleges reside in Pennsylvania. *See* **Exhibit A**, Complaint, p. 3.

19.     Adding the individual defendants who reside in Pennsylvania is a transparent attempt to destroy diversity and avoid the force of this Court's and the Third Circuit's prior orders. The fraudulent joinder doctrine forecloses Plaintiff's strategy.

20.     The Third Circuit has explained that "[t]he doctrine of fraudulent joinder represents an exception to the requirement that removal be predicated solely upon complete diversity." *In re Briscoe*, 448 F.3d 201, 215-16 (3d Cir. 2006). Where the plaintiff names "defendants who are not of diverse citizenship from the plaintiff, the diverse defendant may still remove the action if it can establish that the non-diverse defendants were 'fraudulently' named or joined solely to defeat diversity jurisdiction." *Id.* at 216. Joinder is "fraudulent" if "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant." *Id.* (internal quotation marks and citation omitted). If this Court "determines that the joinder was 'fraudulent' in this sense," it can "disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants [and] assume jurisdiction over a case." *Id.* (internal quotation marks and citation omitted).

21.     Here, there is "no reasonable basis in fact or colorable ground supporting the claim against the joined defendant[s]," *id.*, because the current suit is barred by claim preclusion. *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991) (federal law precludes subsequent claim where "there has been (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action."). The Third Circuit has held that "*res judicata* may be invoked against a plaintiff who has previously asserted essentially the same claim against different defendants where there is a close or significant relationship between successive defendants." *Id.* at 966 (internal quotation marks and citation omitted). With regard to the requirement of a subsequent suit based on the

same cause of action, the Third Circuit has instructed that courts "focus upon whether the acts complained of were the same, whether the material facts alleged in each suit were the same, and whether the witnesses and documentation required to prove such allegations were the same"—a "mere difference in the theory of recovery is not dispositive." *Id.* at 963 (internal quotation marks and citation omitted).

22.     The prior lawsuit ended with a final judgment on the merits.  May 5, 2016 Order (E.D. Pa. 16-1439); Sept. 7, 2016 Judgment and Opinion (3d Cir. No. 16-2489).

23.     The newly-added non-diverse defendants have a close and significant relationship with the bank defendants who were named in both the previous and current suits:  the newly-added defendants are employees of the bank defendants, and these individuals' alleged actions were taken in the course of their employment.  *See* **Exhibit A**, Complaint, pp. 3-15.  The same allegedly wrongful conduct that was attributed to the Bank defendants in the Abdullah V complaint is now, in the current complaint, attributed to the individual defendants.  *Compare* **Exhibit A**, Complaint, pp. 5-14, *with* **Exhibit B**, pp. 5-13.

24.     This suit is based on the same cause of action as the prior suits.  The facts alleged in Plaintiff's current complaint and in the Abdullah V complaint are identical.  *Compare* **Exhibit A**, Complaint, pp. 5-14, *with* **Exhibit B**, pp. 5-13.  The gravamen of the claim—discrimination—is the same, although the prior complaint invoked the Pennsylvania Human Rights Act and the current complaint invokes the Pennsylvania Constitution.  *Compare* **Exhibit A**, Complaint, p. 15 *with* **Exhibit B**, p. 14.  The alleged injury and the claimed compensatory damages are identical.  *Compare* **Exhibit A**, Complaint, pp. 16-18 *with* **Exhibit B**, pp. 15-16.  The claimed punitive damages are essentially the same—$100.1 million this time

around, as compared to $100 million in Abdullah V. *Compare* **Exhibit A**, Complaint, p. 18 *with* **Exhibit B**, p. 17.

25. Therefore, Plaintiff's claim is plainly precluded and joinder of the individual Pennsylvania defendants is "fraudulent" in the sense that "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant." *Briscoe*, 448 F.3d at 216; *see also* January 13, 2016 Opinion (3d Cir. No. 15-2189) ("Abdullah's complaint is plainly barred by principles of claim preclusion") *and* Sept. 7, 2016 Opinion (3d Cir. No. 16-2489) (Abdullah's claim is "plainly (again) barred by principles of claim preclusion").

26. This Court should "disregard, for jurisdictional purposes, the citizenship of … [the] nondiverse defendants." *Briscoe*, 448 F.3d at 216.

## III. THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

27. The amount in controversy requirement of 28 U.S.C. § 1332(a) is met here. In the Complaint, Abdullah seeks compensatory damages totaling $658,900. **Exhibit A**, Complaint, p. 17. He also seeks punitive damages totaling $100.1 million. *Id.* at 18.

## IV. REMOVAL TO THIS JUDICIAL DISTRICT IS PROPER AND TIMELY

28. As noted below, Defendants have complied with each of the procedural requirements necessary for removal.

29. Pursuant to 28 U.S.C. § 1446(b), a notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." This Notice of Removal is being filed within thirty (30) days after Defendants received a copy of Plaintiff's Complaint.

30. Under 28 U.S.C. § 1441(a), a state court action may be removed "to the district court of the United States for the district and division embracing the place where such action is

pending." The Court of Common Pleas of Philadelphia County is located within the Eastern District of Pennsylvania. *See* 28 U.S.C. § 118. Accordingly, venue is proper in this Court.

31.    True and correct copies of all process and pleadings served upon Defendants are attached hereto as **Exhibit A** in compliance with 28 U.S.C. § 1446(a).

32.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff, and a copy is being filed with the Clerk of the Court of Common Pleas of Philadelphia County.

33.    No admission of fact, law or liability is intended by this Notice of Removal, and Defendants expressly preserve all of their defenses, denials and/or objections to Plaintiff's Complaint and each and every allegation thereof.

**WHEREFORE**, Defendants Justin Davids, Katlin Elwood, Bank of America, N.A., Brendan McMoran, Brendan McMoran's Branch Bank Manager, and Wells Fargo Bank, N.A. request that the above-captioned action be removed from the Court of Common Pleas, Philadelphia County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania, and that all further proceedings in this action be held before this Court.

Respectfully submitted,

Andrew J. Soven (PA ID # 76766)
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8288
Fax: (215) 851-1420
asoven@reedsmith.com

- 9 -

Jeffrey M. Weimer (PA ID #208409)
REED SMITH LLP
Reed Smith Centre
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222
Tel: (412) 288-4587
Fax: (412) 288 3063
jweimer@reedsmith.com

Dated: November 2, 2016

# EXHIBIT A

| Court of Common Pleas of Philadelphia County<br>Trial Division<br>**Civil Cover Sheet** | For Prothonotary Use Only (Docket Number)<br>**SEPTEMBER 2016**    **003124**<br>E-Filing Number: 1609058468 |
|---|---|

| PLAINTIFF'S NAME<br>WALIYYUDDIN S. ABDULLAH | DEFENDANT'S NAME<br>JUSTIN DAVIDS |
|---|---|
| PLAINTIFF'S ADDRESS<br>2451 N. 19TH STREET<br>PHILADELPHIA PA 19132-4304 | DEFENDANT'S ADDRESS<br>2237 ALBRIGHT AVE<br>ABINGTON PA 19001-3201 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>KATLIN ELWOOD |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>932 CHESTNUT STREET<br>PHILADELPHIA PA 19107-5008 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>BANK OF AMERICA FINANCIAL CENTER |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>932 CHESTNUT STREET<br>PHILADELPHIA PA 19107-5008 |

| TOTAL NUMBER OF PLAINTIFFS<br>1 | TOTAL NUMBER OF DEFENDANTS<br>6 | COMMENCEMENT OF ACTION<br>☒ Complaint    ☐ Petition Action    ☐ Notice of Appeal<br>☐ Writ of Summons    ☐ Transfer From Other Jurisdictions |
|---|---|---|

| AMOUNT IN CONTROVERSY<br>☐ $50,000.00 or less<br>☒ More than $50,000.00 | COURT PROGRAMS<br>☐ Arbitration          ☐ Mass Tort          ☐ Commerce          ☐ Settlement<br>☒ Jury                 ☐ Savings Action     ☐ Minor Court Appeal  ☐ Minors<br>☐ Non-Jury            ☐ Petition           ☐ Statutory Appeals   ☐ W/D/Survival<br>☐ Other: |
|---|---|

CASE TYPE AND CODE

1J - BAD FAITH

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED**<br>**PRO PROTHY**<br>**SEP 27 2016**<br>**K. EDWARDS** | IS CASE SUBJECT TO<br>COORDINATION ORDER?<br>YES          NO |
|---|---|---|

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: WALIYYUDDIN S ABDULLAH

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>WALIYYUDDIN S. ABDULLAH | ADDRESS<br>2451 N. 19TH STREET<br>PHILADELPHIA PA 19132 |
|---|---|
| PHONE NUMBER<br>(215)223-3549 | FAX NUMBER<br>(215)227-0626 | |
| SUPREME COURT IDENTIFICATION NO.<br>na | E-MAIL ADDRESS<br>waliyyuddin@hotmail.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>*WALIYYUDDIN ABDULLAH* | DATE SUBMITTED<br>Tuesday, September 27, 2016, 01:16 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**COMPLETE LIST OF DEFENDANTS:**

1. JUSTIN DAVIDS
      2237 ALBRIGHT AVE
      ABINGTON PA 19001-3201
2. KATLIN ELWOOD
      932 CHESTNUT STREET
      PHILADELPHIA PA 19107-5008
3. BANK OF AMERICA FINANCIAL CENTER
      932 CHESTNUT STREET
      PHILADELPHIA PA 19107-5008
4. BRENDAN MCMORAN
      1024 BAILEY DR.
      PHOENIXVILLE PA 19460-3597
5. BRANCH MANAGER
      2240 BUTLER PIKE
      PLYMOUTH MEETING PA 19462-1424
6. WELLS FARGO BANK BRANCH
      2240 BUTLER PIKE
      PLYMOUTH MEETING PA 19462-1424

FIRST JUDICAL DISTRICT OF PENNSYLVANIA

COURT OF COMMON PLEAS OF PHILADELPHIA

*Filed and Attested by the*
*Office of Judicial Records*
*27 SEP 2016 01:16 pm*
*K. EDWARDS*

WALIYYUDDIN S. ABDULLAH                          CIVIL ACTION


                    VS                           NO.


MR. JUSTIN DAVIDS, MS. KATLIN ELWOOD,

BANK OF AMERICA FINANCIAL CENTER

MR. BRENDAN McMORAN

MR. McMORAN'S BRANCH BANK MANAGER

MR. McMORAN'S BANK BRANCH                        CIVIL ACTION


                    COMPLAINT


Case ID: 160903124

**PRELIMINARY STATEMENT**

From December 2012 through August 2014, I, the plaintiff, have repeatedly contacted Mr. Justin Davids, who is the Vice President, Small Business Banking, at the Bank of America Financial Center, located here in Philadelphia, Pa., and Mr. Brendan McMoran, Business Development Officer, for the Wells Fargo Branch in Plymouth Meeting, Pa., for business loans to grow and expand my businesses. I informed both of these business loan officers that I am a small business owner and that I am also a veteran, which qualified my businesses for preferential consideration, and that I wanted to apply for a loan under the Small Business Administration Patriot Express Pilot Loan Initiative, loan guarantee program.

From January 2013 through August 2014, each of these banks loan officers have consistently and without explanations refused me the right to even apply for a business loan. As a United States Citizen, I have every right to apply for a business loan. Our Constitution and Laws, federal and state, guarantee me the right to the full and equal benefits of the laws of this land. Our federal and state governments have passed laws to ensure the enforcement of these laws. One of these laws is Pennsylvania Constitution, Article One "Declaration of Rights", Section One, which says:

> "All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursing their own happiness."

The question before this Court is why have I been denied **my constitutional right** to benefit, from programs directed toward me, by my government's legislation, by these defendants?

Case ID: 160903124

## PLAINTIFF

I, Waliyyuddin S. Abdullah, am a natural citizen, of African – American heritage and descent, of the United States of America. I am also a veteran of the United States Army. I reside at 2451 N. 19th Street, Philadelphia, Penna. 19132-4304. My home address is also currently my business address. My home phone number is 215-223-3549. My personal e-mail address is: waliyyuddin@hotmail.com

My businesses names are the Islamic Communication Network, Inc and the Bilalian's Qur'anic Institute, Inc. The Islamic Communication Network, Inc was incorporated in the State of Pennsylvania in 1986. The Bilalian's Qur'anic Institute, Inc was incorporated in the State of Pennsylvania in 2012. The phone number for both of these businesses is 215-227-0640.   The Islamic Communication Network, Inc e-mail address is: islamiccomm.network@verizon.net. The Bilalian's Qur'anic Institute, Inc e-mail address is wbqifm@hotmail.com.

## DEFENDANTS

1.  Mr. Justin Davids resides at 2237 Albright Ave, Abington, Pa. 19001-3201. He is employed by the Bank of America. He works at the Bank of America Financial Center Branch, located at 932 Chestnut Street, Phila., Pa. 19107-5008, as a Vice President Small Business Banking.

2.  Ms. Katlin Elwood, no home address at this time. Ms. Elwood is Mr. Davids Branch Manager, at the Bank of America Financial Center.

3.  The Bank of America Financial Center Branch located at 932 Chestnut Street, Philadelphia, Pa. 19107-5008.

4.  Mr. Brendan McMoran resides at 1024 Bailey Dr., Phoenixville, Pa. 19460-3597. He is employed by Wells Fargo Bank. He works at the Well Fargo Bank Branch, located at 2240 Butler Pike, Plymouth Meeting, Pa, 19462-1424, as a Business Development Officer.

5.  Mr. McMoran's Bank Branch Manager, to be identified and served at a later date, not Mr. Mohammed Parvez, be became the manager in 2015. The Branch Manager prior to Mr. Parvez.

6.  Wells Fargo bank Branch located at 2240 Butler Pike, Plymouth Meeting, Pa, 19462-1424.

## CAUSE OF ACTION

I allege that these Defendants have violated my rights under Pennsylvania Constitution, Article One "Declaration of Rights", Section One, which says:

"All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursing their own happiness."

Case ID: 160903124

**ARGUMENT**

**Argument Against:  Mr. Justin Davids:**

I contacted Mr. Justin Davids, Vice President Small business Banking, at the Bank Of America Financial Center, seeking a business loan. I was seeking this loan under the Small Business Administration (SBA) Guarantee Loan Program, a federal agency established, by federal law, to assist small businesses such as mine. I also informed Mr. Davids that I was a veteran, and that there was an additional federal law that would benefit me in my application for a loan. Mr. Davids has refused to honor my right to even apply for the benefits of these federal programs, that would improve the life of my family and my community.

The following narrative narrates my inter-action with the Bank of America, to show that I have repeated attempted to exercise this legal right:

1. On December 5, 2012, I went to the Bank of America's branch, located at Broad & Cecil B. Moore Avenue, in Philadelphia, seeking a small business loan. At this branch, I talked to one of the bank's employees. After taking my information, about how much I want to borrow, this employee told me that they do not handle business loans at this branch, but that she had sent, by computer, my information to their department that handles small business loans. She also gave me the name of the person that would contact me, a Mr. Justin Davids. She said that he would be contacting you within 24 to 48 hours.

2. Mr. Davids called me, later on, that same day, and left a message for me, on my answering machine. I returned his call, the next day, on December 6, 2012. I explained to him, Mr. Davids, what I was looking for and that I wanted to apply under the Patriot Express Loan program. He told me that the bank only makes loans to businesses that have sales of $250,000.00 per year. I told him that I did not have sales at that level, but that I wanted to borrow the money so that I could expand my business, with the intent of increasing my sales. He said, "I'll send you the information that the bank required". He said that I could e-mail all the information back to him.

3. I received an e-mail from Mr. Davis, on December 6, 2012, (see Exhibits #1 - #5).

4. In this e-mail, he, Mr. Davids, detailed all the information that he said that the bank would need "in order (for me) to apply for a line of credit".

5. I did not ask for a line of credit. Even thought this was not the information that I had requested from the bank, I nevertheless completed these forms.

Case ID: 160903124

6. On December 28, 2012, I e-mailed to Mr. Davids all of the information that he had requested, these completed forms, and I also included a Loan Proposal, reiterating my request of, seeking a business loan of $500,000.00 from the Bank of America, because I was not seeking a line of credit from the bank, (See Exhibits # 6 – 28).

7. On December 28, 2012, I received and instant automatic reply back from Mr. Davids office stating that he was away on vacation and that he would not be back until January 2., 2013. I interpreted this automatic message as proof that my information had been received by the right office, (See Exhibit # 29).

8. By January 6, 2013, I had not received a reply from Mr. Davids; so, I called him, on January 6, 2013, and left a message, on his cell phone voice message machine, asking him to let me know the status of my loan request and would he call me back.

9. Mr. Davids never returned my phone call and I was never told the status of my loan request, by Mr. Davids neither in person or by letter.

10. Not to be deterred, because of this lack of response from Mr. Davids, I contacted the Bank of America again in August of 2013.

11. On August 14, 2013, I, the plaintiff, had a face to face meeting with Mr. Davids and this is how it happened.

12. On August 9, 2013, I, the plaintiff, went to the Bank of America's branch office located at 16th & J.F.K. Blvd, in Philadelphia. I told the bank employee what I was looking for, a business loan. He told me that they did not do business loans in that office, but that he would see if he could schedule an appointment for me.

13. I told him that, Wednesday, August 14, 2013, at, 10: AM, was a good time for me. He put that information into the bank's computer system and told me that that time was fine and that you would be meeting with a Mr. Justin Davids, here at this branch on that date and time.

14. When I arrived at this bank branch on the date and time that I was schedule for a meeting with Mr. Davids, he was not there. I informed the bank's employee that I had a meeting here at 10: AM, with a Mr. Davids.

15. This employee checked on the bank's computer system and confirmed that I did have an appointment. He, this bank employee, called Mr. Davids to remind him of this meeting. Mr. Davids assured him that he would be there in about ten minutes.

16. Mr. Davids did arrived and we were allowed to have our scheduled meeting in one of the offices cubicles there, at that branch. We met for about twenty minutes, because he, Mr.

Case ID: 160903124

Davids, kept saying he had another meeting, and he even called that person to apology during our meeting and told him/her that he would be their shortly.

17. During our meeting, I told Mr. Davids about a new Project that I was working on and I was looking for how his bank could help me. I did not receive any kind of commitment for any kind of assistance at this meeting.

18. Instead, when our meeting ended, Mr. Davids gave me the name, address and phone number to the regional office of the Small Business Administration Lender Relationship Specialist, a Mr. John Xu, with the implied hint that he would help you better than he could.

19. Also, at this face to face meeting with Mr. Davids, there was no mentioning of a business having a sale volume of $250,000.00, in order to qualify for a loan from them, the bank.

20. I called Mr. Xu later on that same afternoon and I left a message on his answering machine. He returned my call within a matter of minutes. I told him what I was looking for and he was very helpful and informative. And he repeated something that I already knew, the banks' loan you the money; we just guarantee the loan.

21. I had not further contact with Mr. Davids for the balance of 2013, because he was not responses to my requests.

22. In 2014, I decided to try seeking a business loan from Bank of America again because one of my businesses, the Bilalian's Qur'anic Institute received a license from the FCC, Federal Communication Commission, to build and operate a low power FM station in the State of Delaware.

23. On June 24, 2014, I e-mailed Mr. Davids a Loan Proposal entitled "Project Seedling Outline". I was seeking a loan of $125,000.00 and that I was going to use this license, the property I was seeking to acquire and the radio broadcast equipment and studio they I was going to purchase as collateral for this loan, in addition to the SBA loan guarantee, (see Exhibit # 30).

24. As of the date of this filing, I have not received any type of response from Mr. Davids about this loan request for Project Seedling.

25. On August 4, 2014, at 9:50 AM, I called Mr. Davids.

26. He answered.

27. I talked to him about my need for another and different business loan and that I would e-mail him my information about this loan request. The loan proposal was called: Project Why Wait – Objectives & Goals".

28. I also told him, Mr. Davids, that I would, G_d willing, call him back tomorrow, after he had looked over my information, to see where we can go from there. I e-mailed Mr. Davids the Loan Request, (see Exhibit # 31).

Case ID: 160903124

29. On August 5, 2014, at 10:15 AM, I called Mr. Davids.

30. I got his, Mr. Davids, cell phone answering machine. I left a message on his phone asking him to contact me about the loan information that I had sent to him yesterday.

31. As of the date of this filing, I have not received any type of response from Mr. Davids about this loan proposal or any of my loan requests.

**Continued Argument Against: Mr. Davids:**

A. Why have I been denied my legal right to apply for a business loan by Mr. Davids?

B. What makes me different from the other business owners that Mr. Davids has granted this legal right to?

C. According to the SBA Philadelphia District Loan Volume Report Fiscal Year 2013 (10/1/2012 to 9/30/2013), the Bank of America made 3 small business loans totaling $779,000.00, with the average loan being $259,667.00.

   a. The average loan issued by the Bank of America was not significantly far from my loan requests! Why did Mr. Davids extended this legal right of borrowing to them, these three businesses, and not me?

   b. All three of these loans were guaranteed by the SBA. **They enjoyed the benefits of this federal program!**

   c. What other type of collateral was offered for security, for these loans, by these businesses?

   d. What makes me different from them? Did they contact Mr. Davids in a different way than I did?

   e. Do they all have $250,000.00 in annual sales?

   f. What type of businesses are these?

Case ID: 160903124

    g.  How many loans have these businesses received from this bank in the past?

    h.  And if so then, what were the financial conditions of these businesses at the time of those loans?

    i.  How many of them are veteran own businesses?

    j.  How many employees do these businesses have?

        1.  Mr. Davids asked me, during the last time he talked to me on his phone, how many employees I had.

    k.  How many of these loans are Patriot Loans?

    l.  What is the repayment status of each one of these loans?

D.  According to the SBA Philadelphia District Loan Volume Report Fiscal Year 2014 (10/1/2013 to 6/30/2014), so far this year, Mr. Davids has made another 3 small business loans totaling $215,000.00, with the average loan being $71,667.00.

    a.  Here Mr. Davids has granted this legal right of borrowing to another 3 businesses, with their loan services.

    b.  **Another three businesses benefitting from federal program!**

    c.  How many of these loans were made under the Patriot Loan program?

    d.  What type of businesses are these?

    e.  How many loans have these businesses received in the past from this bank?

    f.  And if so then, what was the financial condition of those businesses at the time of their loans?

    g.  Do they all have annual sales of at least $250,000.00

    h.  How many employees does each business have?

    i.  How many of them are veteran own businesses?

    j.  What is the repayment status of each one of these loans?

E.  That is a total of six different businesses that Mr. Davids has granted their legal right of a loan, from the Bank of America loan department, during the same time period that I have been seeking a loan.

Case ID: 160903124

a. What is so inherently different between my businesses and these six businesses that Mr. Davids has refused to allow me to even apply for a business loan, which is my legal right?

b. Another way of looking at this question is, what do all of these, (these six), businesses have in common that I, my businesses, do not have? Do they have rights different from me?

F. How many other businesses have applied for business loans but were denied by Mr. Davids?

a. If there is this group, why were they denied?

b. Am I similar to this group, if it does exist, that has been denied loans, and if so how am I similar?

**Argument Against:  Ms. Katlin Elwood:**

Ms. Elwood is and has been the Branch Supervisor of Mr. Davids during this time period in question.

1. If she knew about Mr. Davids discriminatory actions in his inter-action, or lack thereof, with me for a business loan then, she is a conspirator to his action.

2. If she knew nothing about the discriminatory actions of Mr. Davids then, she was grossly negligent in her supervisory position, but yet still responsible for his actions.

**Argument Against:  Bank of America Financial Center:**

Mr. Davids used his position at The Bank of America Financial Center to implement his discriminatory practices. He made this Branch compliance with his actions when there were no internal safeguards in place to prevent such actions.

Case ID: 160903124

**Argument Against:  Mr. Brendan McMoran:**

I contacted Wells Fargo Bank seeking a business loan. I was seeking this loan under the Small Business Administration Guarantee Loan Program, a federal agency established, by federal law, to assist small businesses such as mine. I also informed the Bank that I was a veteran, and that there was an additional federal law that would benefit me in my application for a loan. This Bank has refused to honor my right to the benefits of federal laws that would improve the life of my family, my community and myself.

The following narrative narrates my inter-action with the Wells Fargo Bank, to show that I have repeated attempted to exercise this legal right:

1. On December 5, 2012, I went to Wells Fargo's branch office located 2843 N. Broad Street, in Philadelphia, seeking a business loan. I talked to one of the employees there. After taking my information, about how much I wanted to borrow and what it was to be used for, this employee told me that they do not handle business loans at that branch. But, she said that I have sent your information, by computer, because she was typing as we were talking, to our department that handles small business loans. She said that someone would be contacting you within 24 to 48 hours.

2. She also mentioned that the bank only make loans to businesses that have sales volume of at least $250,000.00 in annual sales. I told her that I did not have that amount in annual sales. I told her that I wanted the loan so that I could increase my level of sales/business. Nevertheless, she forwarded my information to the bank's small loan department.

3. I never received any type of response from their small business department. I therefore tried again, in August of 2013.

4. In middle or late August 2013, I went to the Wells Fargo's branch office located at 1500 Market Street, in Philadelphia. I met with a Mr. Walker Dugan, a Personal Banker, at this branch office. I told him what I was looking for. He said that he would take my information and contact their small business loan department. He said he would be getting back to me.

5. After about a week, I had not heard anything from Mr. Dugan. I therefore called his office and left voice messages on his answering machine. After finally getting in touch with Mr. Dugan, he explained to me that he had been out for awhile and that is why he had not contacted me up to that point.

6. On September 4, 2013, Mr. Dugan arranged a three-way call between himself, Mr. Brendan McMoran, Business Development Officer, for Wells Fargo, and me. I explained to Mr. McMoran what I was looking for and what I wanted to do with the business loan. He said,

Case ID: 160903124

Mr. McMoran, that sounded fine and that he would e-mail me a list of information needed from me and once he received it back we can go from there.

7. On September 4, 2013, I received an e-mail from Mr. McMoran, (see Exhibit # 32).

8. On September 9, 2013, I e-mailed all the information back to Mr. McMoran that he had requested and I also sent a copy of this e-mail to Mr. Dugan, (see Exhibit # 33).

9. By September 28, 2013, I had not heard anymore from Mr. McMoran and I thought that this stockbroker, that I was in contact with, was going to assist me in raising the capital that I needed, so I e-mailed Mr. McMoran the following e-mail and I also sent a copy of this e-mail to Mr. Dugan, (see Exhibit # 34).

10. I did not receive any kind of response back from either Mr. McMoran or Mr. Dugan.

11. I do not remember who initiated the call but, I strongly doubt that it was Mr. McMoran or Mr. Dugan. Nevertheless we, Mr. McMoran and I, talked on November 4, 2013 because I sent him the following e-mail and I sent a copy of this e-mail to Mr. Dugan, (see Exhibit # 35).

12. I did not receive any kind of response back from Mr. McMoran or Mr. Dugan.

13. On December 9, 2013, I sent Mr. McMoran an e-mail requesting a smaller loan and I included with my request a notation about my initial loan request and I also sent a copy of this e-mail to Mr. Dugan, (see Exhibit # 36).

14. I did not receive any kind of response from Mr. McMoran or Mr. Dugan.

15. On August 6, 2014, I sent Mr. McMoran an e-mail requesting information that I would need to apply for a business loan and I also sent a copy of this e-mail to Mr. Dugan, (see Exhibit # 37).

16. As of the date of the filing of this Complaint, my initial loan request, my second loan request and my request for information to apply for another loan have all gone unanswered.

**Continued Argument Against:  Mr. McMoran:**

A. How am I different from the other business owners that Mr. McMoran has granted this legal right of business loans to?

B. According to the SBA Philadelphia District Loan Volume Report Fiscal Year 2013 (10/1/2012 to 9/30/2013), Wells Fargo Bank made 80 small business loans totaling $36,667,300.00, with the average loan being $458,341.00.

Case ID: 160903124

a.  The average loan issued by Wells Fargo was in the range of my initial loan request! Why did Mr. McMoran grant them their legal right to a loan, these 80 businesses, and not me?

b.  These 80 loans were all guaranteed by the SBA.

c.  **All eighty of them are benefitting from this federal program**!

d.  What other collateral was offered by these businesses to secure their loan?

e.  How many loans have these businesses received from this bank in the past?

f.  If so then, what was the financial condition of those businesses at the time that they received those loans?

g.  What makes me different from them? Did they contact Mr. McMoran in a different way?

h.  Do they all have $250,000.00 in annual sales?

i.  How many of them are veterans own businesses?

j.  How many of these loans are Patriot Loan?

k.  What is the repayment status of each one of these loans?

l.  How many other businesses applied for small business loans but were denied by Mr. McMoran?

m.  If this group does exist, why were they denied loans by Mr. McMoran?

n.  Am I like this group, if it does exist, that were denied a small business loan and if so how?

C.  According to the SBA Philadelphia District Loan Volume Report Fiscal Year 2014 (10/1/2013 to 6/30/2014), so far this year, Wells Fargo Bank has made another 54 small business loans totaling $18,256,600.00, with the average loan being $338,085.00.

a.  Here Mr. McMoran has granted this legal right to a business loan to another 54 businesses, with their business loan services.

b.  That is a total of 134 different businesses that have been granted their legal right of a business loan by Mr. McMoran's loan department, during the same time period that I have been seeking a business loan.

Case ID: 160903124

    c.    What is so inherently different between my businesses and these 134 businesses that Mr. McMoran has refused to allow me to even apply for a business loan?

    d.    Another way of looking at this question is, what do all of these, (these 134), businesses have in common that I, my businesses, do not have?

D.    In reference to the e-mail that I sent to Mr. McMoran and Mr. Dugan about how his (Mr. McMoran) information was very informative and helpful. The information that I received from Mr. McMoran was "misinformation". This misinformation worked for awhile but it did not and could not stand up to the test of time. I believe that I was given that misinformation at that time to distract and deter me from pursuing my loan request. The proof or disproof of this position can be found in the answer to the following question.

    a.    How many of these 134 businesses, that Mr. McMoran granted loans to, had sufficient working capital to service their loans irrespective of the loan proceeds that they received?

E.    That misinformation was also behind the statement that I made in the e-mail that I sent to Mr. McMoran and Mr. Dugan in Exhibit # 34 about my "fully understanding….".

F.    At the time of filing of this Complaint, my initial business loan request, my second request for a smaller business loan and my last request for information so that I could apply for a business loan from Wells Fargo Bank have not been granted by Mr. McMoran.

**Argument Against:  Mr. McMoran Branch Manager:**

Ms. is and has been the Branch Supervisor of Mr. McMoran during this time period in question.

1.    If she knew about Mr. McMoran discriminatory actions in his inter-action, or lack thereof, with me for a business loan then, she is a conspirator to his action.

2.    If she knew nothing about the discriminatory actions of Mr. McMoran then, she was grossly negligent in her supervisory position, but yet still responsible for his actions.

**Argument Against:  Wells Fargo Branch:**

Mr. McMoran used his position at this Wells Fargo Branch to implement his discriminatory practices. He made this Branch compliance with his actions when there were no internal safeguards in place to prevent such actions.

Case ID: 160903124

**Combined Argument Against All Defendants:**

My federal government has promised, by federal law, that if I met their criteria for a business that they would guarantee a business loan, for said business. This promise is a right that the federal government has extended to all citizens in America. These loans can only be made by banks that the SBA has approved for issuing such loans. That is why I contacted the Bank of America and Wells Fargo Bank. They both have been approved to issue loans to business, with government guarantees. **The federal government and Pennsylvania law has trusted them to do the right thing, by abiding by all their laws.** A review of the Small Business Administration guidelines will show that I met their guidelines in 2013 and 2014. And, a review of these banks own web sites will show that I met the guidelines that they posted for the Small Business Administration loan guarantee programs.

But yet, these banks have denied me this legal right. Why? I have federal identification numbers for both corporations. I have DUNS numbers for both. I have legally incorporated both corporations in the State of Pennsylvania and I have business licenses for both from the City of Philadelphia. I have tax records and I have financial statements. I am a natural United States citizen. I have business plans and I have business projections. I have everything a business owner is supposed to have by federal, state and local laws, in order to operate a business. So, why has these Defendants denied me my legal right to a loan?

Both of these loan officers have issued a combined total of 140 SBA guaranteed small business loans. Why were these other businesses granted this legal right and not me? Is there some policy somewhere that I have overlooked that has caused this denial? I doubt it! The policy of the SBA is clear and unmistakable. The federal laws that the SBA uses are clear and unmistakable. The banks own policies on their own web sites, in regard to these federal laws, are clear and unmistakable. They all state the clarity of federal laws, in regards to loan assistances for small businesses.

Nevertheless I have been denied the right to enter into a contract of a business loans by these loan officers. Why? This is a legal right that is guaranteed to me by federal and state law. I cannot be denied this legal right, but yet I have by these SBA approved banks loan officers. There has to be a reason for this denial of my legal rights by these loan officers. There has to be some explanation for their actions.

The only apparent explanation has to be a type of discrimination by these banks loan officers. What this discrimination is based on has to be established in court. But, any type of discrimination is illegal according to federal and state laws.

Because of this lack of action, the denial of my legal rights to a business loan, by these banks, I have missed out on a number of business opportunities that a business loan would have secured for me. Those lost opportunities have injured the growth and development of my business and in turn have injured the growth and development of my family, my community and myself.

Case ID: 160903124

**INJURY**

The lost opportunities that I am referring to, which has injured the development of my businesses, are listed below according to the business plans, that I was working on at the time, that each bank was contacted for financial assistance, in the form of a business loan:

Injury Caused By Mr. Davids, Ms. Elwood and Bank of America Financial Center:

1. The property that I was seeking to purchase, with my original loan request, has now became infeasible for my business development. Part of the property has recently been sold to a developer and the remaining parcel is too constricted for my businesses development.

2. By not have a physical business location, other than my home, this has also hindered my ability to control and expand my publishing capabilities. I needed that property to house the publishing equipment, which I was looking to purchase, and support services for publishing, like office space for writers, staff, etc.

3. This hindrance, of not having a business loan, is also preventing me from the possibility of being able to acquire the 20 acres of land, in Delaware, which is still available, for my Project Seedling. Project Seedling is the building and operation of my own low power FM radio station.

Injury Caused By Mr. McMoran, his Branch Manager and his Wells Fargo Branch:

1. The property that I was seeking to purchase, with my original loan request, was recently sold. The new owners are not interested in selling this property, again. They only want to lease it.

2. I was given the opportunity to purchase this building right-out by the realtor handling the sale. That is why I went to this bank! The banks denial of service caused me to lose this property.

3. By not have a physical business location, other than my home, this has also hindered my ability to control and expand my publishing capabilities. I needed that property to house the publishing equipment, which I was looking to purchase, and support services for publishing, like office space for writers, staff, etc.

Case ID: 160903124

## RELIEF SOUGHT

If after trial, and the court finds in favor of me, the plaintiff, I request the following relief be granted to me from the defendants by this court:

## COMPENSATORY DAMAGES

I ask this court to award me monetary compensation of:

- $259,000.00 from the Mr. Justin Davids, Ms. Katlin Elwood and the Bank of America Financial Center. That was the asking price of the property (1724 W. Indiana Ave, Philadelphia, Pa.) I sought a loan for, which has now been render infeasible for my business development needs.

- $49,900.00 for the 20 acres of land in Delaware, that I was going to use for my low power FM station, from the Mr. Justin Davids, Ms. Katlin Elwood and the Bank of America Financial Center.

- $350,000.00 from Mr. Brendan McMoran, his manager and Wells Fargo Bank Branch. That was the sale price of the sold property (520 W. Roosevelt Blvd., Philadelphia, Pa.) that I sought a loan for.

Case ID: 160903124

**PUNITIVE DAMAGES**

I ask this Court to award me from each defendant the following monetary compensation: $100,000.00 from Mr. Davids, Ms. Elwood, Mr. McMoran, Branch Manager and $100,000,000.00 from the Bank of America Financial Center and the Wells Fargo Branch in punitive damages for their discriminatory practices.

I declare under the penalty of perjury that the foregoing statements in this Complaint are true and correct.

September 27, 2016

_____

Waliyyuddin S. Abdullah

FIRST JUDICAL DISTRICT OF PENNSYLVANIA

COURT OF COMMON PLEAS OF PHILADELPHIA

WALIYYUDDIN S. ABDULLAH                                CIVIL ACTION:

VS                                                      NO.

THE SMALL BUSINESS BANKING DEPARTMENT

OF THE BANK OF AMERICA &

THE SMALL BUSINESS BANKING DEPARTMENT

OF WELLS FARGO BANK                                     CIVIL ACTION

VERIFICATION

I, Waliyyuddin S. Abdullah, verify that I am the plaintiff in the present action and that the facts and statements contained in the above Complaint are true and correct to the best of my knowledge, information and/or belief. I understand that false statements are made subject to the penalties of 18Pa. C.S. §4904, relating to unsworn falsification to authorities.

Date: September 27, 2016

_____

Waliyyuddin S. Abdullah

Case ID: 160903124



Filed and Attested by the
Office of Judicial Records
27 SEP 2016 01:16 pm
K. EDWARDS

# Exhibits

Case ID: 160903124

Page 1 of 2

Print

**veri on**

Subject **Bank of America Loan Information**
From:   **Davids, Justin <justin.davids@bankofamerica.com>**
Sent:   **Dec 6, 2012 10:35:35 AM**
To:     **Islamiccomm.network@verizon.net**

Thank you for your time today.  As we discussed, in order to apply for the line of credit, please complete the personal financial statement (attached), sign & date.  Please note that we will pull personal and business credit during the application process.

We will ask you to please provide the following financials for all owners:

2010 personal and business tax returns (all pages)

2011 personal and business tax returns (all pages)

Completed Personal financial statement (attached)

Completed business debt schedule (attached)

Balance Sheet

Income statement

If you are a Sole Proprietorship, please provide a Business License or Filing of Fictitious Registration (or certificate).

Can you send these to me through Email as a PDF or we make arrangements to meet and collect.

Thanks again,

**Justin Davids**

# Exhibit # 1

http://netmail.verizon.net/webmail/driver?nimlet=deggetemail&fn=INBOX&page=5&deg...   3/28/2013

Case ID: 160903124

Vice-President, Small Business Banking

**Bank of America | Global Consumer & Small Business Banking**

Philadelphia Metro Market

Horsham, PA 19044-1-04

Cell: 267.644.6632 | E-Fax: 646.822.1057

Justin.Davids@bankofamerica.com

This message, and any attachments, is for the intended recipient(s) only, may contain information that is privileged, confidential and or proprietary and subject to important terms and conditions available at http://www.bankofamerica.com/emaildisclaimer If you are not the intended recipient, please delete this message

# Exhibit # 2

Case ID: 160903124

**Bank of America**

**Personal Financial Statement**

**PERSONAL PROFILE**

You may apply for credit in your name alone, regardless of marital status. Check your marital status below only if (a) you live in a community property state, such as California, or (b) this is a joint application. You must answer the questions about your spouse only if you're married and (a) you live in a community property state, or (b) this is a joint application with your spouse. If you're married and live in a community property state, Bank of America, N.A. will assume that all assets, income, and debts are community property, unless you indicate otherwise.

Check one of the following:    ☐ Married    ☐ Unmarried    ☐ Separated

| NAME | DATE OF BIRTH / / | | SOCIAL SECURITY NO. - - |
| STREET ADDRESS | CITY | STATE | ZIP |

| HOW LONG AT ADDRESS Years Mos.    ☐ OWN    ☐ RENT    ☐ OTHER | | | HOME PHONE |
| EMPLOYED BY | HOW LONG Yrs. Mos. | OCCUPATION | BUSINESS PHONE |
| EMPLOYER ADDRESS | CITY | STATE | ZIP |

| SPOUSE'S NAME | DATE OF BIRTH / / | | SOCIAL SECURITY NO. - - |
| EMPLOYED BY | HOW LONG Yrs. Mos. | OCCUPATION | BUSINESS PHONE |
| EMPLOYER ADDRESS | CITY | STATE | ZIP |

| TOTAL NUMBER OF DEPENDENTS | AGES OF DEPENDENTS |

**Financial Information** as of _____ (Month), _____ (Day), _____ (Year).

| ASSETS (List and describe all assets) | MARKET VALUE | LIABILITIES (List creditor name) | BALANCE OWING | MONTHLY PAYMENT |
|---|---|---|---|---|
| CHECKING    NAME OF FINANCIAL INSTITUTION | $ | List credit cards, open lines of credit, and other liabilities (including alimony and child support). Also list loans with assets used as security. | | |
| | | CREDIT CARDS/LINES OF CREDIT (Please itemize) | $ | $ |
| SAVINGS    NAME OF FINANCIAL INSTITUTION | | | | |
| ACCOUNTS/NOTES RECEIVABLE (Please itemize) | | | | |
| | | Real Estate Loans (Schedule C on reverse) | | |
| Marketable Securities (from Schedule A on reverse) | | Monthly Rent Payment | | |
| Businesses Owned (from Schedule B on reverse) | | OTHER OBLIGATIONS (Please itemize) | | |
| Real Estate (from Schedule C on reverse) | | | | |
| Retirement Accounts (Vested interest) | | | | |
| OTHER ASSETS (Please itemize) | | | | |
| | | **TOTAL LIABILITIES/PAYMENTS** | | |
| | | **NET WORTH** (Total Assets MINUS Total Liabilities) | $ | |
| **TOTAL ASSETS** | $ | **TOTAL** (Total Liabilities PLUS Net Worth) | $ | |

**ANNUAL INCOME**

Income Sources - Income from alimony, child support or separate maintenance does not have to be stated unless you want it considered.

| | | |
|---|---|---|
| Your Gross Annual Salary | $ | |
| Your Spouse's Gross Annual Salary | $ | |
| Gross Annual Rental Income | $ | |
| OTHER INCOME (Please itemize) | $ | |
| | $ | |
| | $ | |
| | $ | |
| | $ | |
| **TOTAL** | $ | |

Is any of this income likely to be reduced or interrupted within the next year?
☐ Yes    ☐ No    If yes, how long will the interruption last? Describe

**ANNUAL EXPENDITURES**

| | |
|---|---|
| Real Estate payment(s) | $ |
| Rent/Lease payment(s) | $ |
| Income Taxes | $ |
| Insurance Premiums (all types) | $ |
| Property Taxes | $ |
| Alimony, Child Support or Separate Maintenance | $ |
| Other (include installment payments other than real estate) | $ |
| 1. | $ |
| 2. | $ |
| **TOTAL EXPENDITURES** | $ |

Do you have loans/obligations in any other individual or business name?
☐ Yes, describe    ☐ No
1.
2.

**TOTAL** $

05-14-4581NSUW  06-2005

*Please complete reverse side*

# Exhibit # 3

Case ID: 160903124

**\* OWNERSHIP TYPE:**    **JT = Joint Tenancy**    **TC = Tenants in Common**
**CP = Community Property**    **SP = Separate Property**

**SCHEDULE A — Marketable Securities ( Attach Supplemental Schedule if necessary)**

| NO. OF SHARES AMT. OF BONDS | DESCRIPTION | EXCHANGE LISTED | NAME(S) OF OWNER(S) | *OWNERSHIP TYPE | CURRENT MARKET ON LISTED OR ESTIMATED VALUE ON UNLISTED |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |

**SCHEDULE B — Business(es) Owned ( Attach Supplemental Schedule if necessary)**

| NO. OF SHARES | DESCRIPTION | NAME(S) OF OWNER(S) | *OWNERSHIP TYPE | PERCENTAGE OWNERSHIP | CURRENT VALUE |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

**SCHEDULE C — Real Estate ( Attach Supplemental Schedule if necessary)**

| PROPERTY ADDRESS AND TYPE OF IMPROVEMENT | PURCHASE DATE | NAME(S) OF OWNER(S) | *OWNERSHIP TYPE | NET ANNUAL RENTAL INCOME | ESTIMATED VALUE | AMOUNT OWING | TO WHOM PAYABLE / MONTHLY PAYMENT |
|---|---|---|---|---|---|---|---|
| | / / | | | | | | |
| | / / | | | | | | |
| | / / | | | | | | |
| | / / | | | | | | |
| | / / | | | | | | |
| | / / | | | | | | |
| | / / | | | | | | |

**GENERAL INFORMATION ON APPLICANT AND SPOUSE (Provide full details on any "yes" answers to questions 2-6, attach separate sheet if necessary.)**

1. Are your principal cash deposits held jointly with another person?    ☐ Yes    ☐ No    If yes, with whom? _____
2. Are any assets encumbered or debts secured except as indicated?    ☐ Yes    ☐ No
3. Are there any suits or unpaid judgments now pending against you?    ☐ Yes    ☐ No
4. Have you ever voluntarily surrendered or had a vehicle, or any other item repossessed?    ☐ Yes    ☐ No
5. Have you or your spouse ever been the subject of bankruptcy proceedings?    ☐ Yes    ☐ No
6. Have you ever applied for or obtained credit under another name?    ☐ Yes    ☐ No
7. Are you a U.S. Citizen?    ☐ Yes    ☐ No    If no, please give country of citizenship and visa status: _____
8. Are any assets held in a trust?    ☐ Yes    ☐ No

| Life Insurance $ | Name of Insured | Name of Company | |
|---|---|---|---|
| Beneficiary's Name | Address | | Relationship |
| Life Insurance $ | Name of Insured | Name of Company | |
| Beneficiary's Name | Address | | Relationship |

**YOUR SIGNATURE**

By signing below, you certify that the statements above and on any attachment(s) are true and complete as of the date given below. You authorize the Bank to verify or check any of the information given, check your credit references, verify employment and obtain credit reports. You also authorize the Bank to provide credit information about you and your accounts to others.

/ /
DATE

X _____
APPLICANT

/ /
DATE

X _____
APPLICANT

# Exhibit # 4

Case ID: 160903124

**Bank of America.**

**Schedule of Business Debt**

---

**Business name**

**Federal tax ID number**

(Complete legal name and DBA name, if applicable, as shown on the application.)

Please use this form to list, in detail, your business indebtedness. This listing should include, but not be limited to, lines of credit, term (installment) loans and letters of credit. Indicate by asterisk (*) items to be paid by loan proceeds and the reason for payoff. Present balance should agree with latest balance sheet. Please fill out this form as completely as possible.

### Schedule of business debt

| Financial institution Name and address | Original date | Original amount | Present balance | Interest rate | Maturity date | Monthly payment | Collateral pledged |
|---|---|---|---|---|---|---|---|
| | / / | $ | $ | | / / | $ | |
| | / / | $ | $ | | / / | $ | |
| | / / | $ | $ | | / / | $ | |
| | / / | $ | $ | | / / | $ | |
| | / / | $ | $ | | / / | $ | |
| | / / | $ | $ | | / / | $ | |
| | / / | $ | $ | | / / | $ | |
| | / / | $ | $ | | / / | $ | |
| | / / | $ | $ | | / / | $ | |
| | / / | $ | $ | | / / | $ | |
| | / / | $ | $ | | / / | $ | |
| | / / | $ | $ | | / / | $ | |
| | / / | $ | $ | | / / | $ | |

I certify that the foregoing information is true, complete and correct.

**Authorized signature**

Name of borrower

Prepared by (print name)                    Signature X                              Date    / /

Bank of America, N.A
© 2000 Bank of America Corporation
05-14-4986BW   06-2000 (CA)                              1 of 1

# Exhibit #5

Case ID: 160903124

3/28/13                                          Outlook Print Message

## Loan Proposal

From: **Waliyyuddin Abdullah** (waliyyuddin@hotmail.com)
Sent: Fri 12/28/12 3:14 PM
To:    justin.davids@bankofamerica.com

   1 attachment
   Loan Proposal.pdf (5.2 MB)

Mr. Davids:

   I am having trouble accessing my business e-mail account. I therefore am sending you my loan request by my personal e-mail site. I have attached all the information that you have requested to this e-mail.


# Exhibit # 6

Case ID: 160903124

Loan Proposal

To: Justin Davids

From: Waliyyuddin S. Abdullah

Owner – Islamic Communication Network, Inc.

Subject: Business loan of $500,000.00

I am applying to the Bank of America for a loan of $500,000.00, under the Patriot Express Loan Initiative. A portion of this loan will be use to purchase a commercial property, here in the City of Philadelphia. Another portion of this loan will be use to renovated this commercial property, that will then house the different business entities of the Islamic Communication Network, Inc. The last portion of this loan will be use to purchase equipment for the business and have some operational capital.

I have included the following information that you requested in this loan proposal:

- Personal and Business Taxes for 2010 & 2011

- Bank's - Financial Statement

- Bank's - Business Debt Schedule

- Islamic Communication Network, Inc. - Balance Sheet

- Islamic Communication Network, Inc. - Income Statement

# Exhibit # 7

Case ID: 160903124

---

Islamic Communication Network, Inc.

Balance Sheet

---

**Assets:**

Cash on hand ............................................................................$1,600.00

Copy Right Materials..............................................................$150,000.00

- Books, Magazine and Radio Programs

Data Listing...............................................................................$75,000.00

- Listing of Muslims households in PA, NJ, DE & MD
- Listing of Muslims businesses in the same states
- Listing of Muslims houses of worship in the same states

Total Assets..........................$226,600.00

**Liabilities:**

No long term liabilities & no long term accounts payable...........$0.00

Total Liabilities...........$0.00

Balance.............................,.........$226,600.00

Prepared by:

Waliyyuddin S. Abdullah

CEO/President

December 10, 2012

# Exhibit # 8

Case ID: 160903124

Islamic Communication Network, Inc.

Income Statement

January 2012 - November 2012

Income:

| | | |
|---|---|---|
| General Contracting Work | $21,000.00 | |
| Usage of Data Records | $10,000.00 | |
| Rights To Published Materials | $17,000.00 | |
| | | |
| Total Revenue: | $48,000.00 | |

Expenses:

| | |
|---|---|
| Compensation | $29,000.00 |
| Workers | $5,800.00 |
| Phone & Internet | $1,475.00 |
| Postage | $395.00 |
| Misc. Expenses | $1,389.00 |
| Transportation | $475.00 |
| Studio Rental | $4,200.00 |
| Charity | $1,350.00 |
| Advertising | $2,316.00 |

Total Expenses    $46,400

Net Income:    $1,600.00

Prepared by:

Waliyyuddin S. Abdullah

CEO/President,  December 17, 2012

# Exhibit # 9

Case ID: 160903124

# Bank of America

**Personal Financial Statement**

## PERSONAL PROFILE

You may apply for credit in your name alone, regardless of marital status. Check your marital status below only if (a) you live in a community property state, such as California, or (b) this is a joint application. You must answer the questions about your spouse only if you're married and (a) you live in a community property state, or (b) this is a joint application with your spouse you're married and live in a community property state. Bank of America, N.A. will assume that all assets, income, and debts are community property, unless you indicate otherwise.

Check one of the following:   ☒ Married   ☐ Unmarried   ☐ Separated

| NAME | DATE OF BIRTH | SOCIAL SECURITY NO. | |
|---|---|---|---|
| Waliyuddin S. Abdullah | | | |

| STREET ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|
| 2451 N. 19th Street | Philadelphia | Pa | -191324304 |

| HOW LONG AT ADDRESS | | | | HOME PHONE |
|---|---|---|---|---|
| 23 Years   11 Mos. | ☒ OWN | ☐ RENT | ☐ OTHER | 215 , 223 , 3549 |

| EMPLOYED BY | HOW LONG | OCCUPATION | BUSINESS PHONE |
|---|---|---|---|
| Islamic Communication Network, Inc. | 26 Yrs. 11 Mos. | Owner | 215 , 227  640 |

| EMPLOYER ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|
| 2451 N. 19th Street | Philadelphia | Pa | -191324304 |

| SPOUSE'S NAME | DATE OF BIRTH | SOCIAL SECURITY NO. |
|---|---|---|
| Zakia Abdullah | | |

| EMPLOYED BY | HOW LONG | OCCUPATION | BUSINESS PHONE |
|---|---|---|---|
| | Yrs.   Mos. | Student | |

| EMPLOYER ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|
| | | | |

| TOTAL NUMBER OF DEPENDENTS | AGES OF DEPENDENTS |
|---|---|
| 4 | 14,13,10,1 |

**Financial Information** as of   12 (Month),   21 (Day),   2012  (Year).

| ASSETS (List and describe all assets) | MARKET VALUE | LIABILITIES (List creditor name) | BALANCE OWING | MONTHLY PAYMENT |
|---|---|---|---|---|
| CHECKING   NAME OF FINANCIAL INSTITUTION | | List credit cards, open lines of credit, and other liabilities (including alimony and child support). Also list loans with assets used as security. | | |
| Bank of America | $ 136.00 | | 0 | 0 |
| Wells Fargo ( Islamic Comm. Acct.) | 1,600.00 | CREDIT CARDS/LINES OF CREDIT (Please Itemize) | $ 0 | $ 0 |
| SAVINGS   NAME OF FINANCIAL INSTITUTION | | | | |
| Bank of America | 50.00 | | | |
| ACCOUNTS/NOTES RECEIVABLE (Please itemize) | | | | |
| | 0 | | | |
| | | Real Estate Loans (Schedule C on reverse) | 0 | 0 |
| Marketable Securities (from Schedule A on reverse) | 0 | Monthly Rent Payment | 0 | 0 |
| Businesses Owned (from Schedule B on reverse) | 225,000.00 | OTHER OBLIGATIONS (Please itemize) | | |
| Real Estate (from Schedule C on reverse) | 30,000.00 | Personal Mortgage Obligation | 20,000.00 | 0 |
| Retirement Accounts (Vested interest) | 0 | | | |
| OTHER ASSETS (Please itemize) | | | | |
| | | TOTAL LIABILITIES/PAYMENTS | 20,000.00 | 0 |
| | | NET WORTH (Total Assets MINUS Total Liabilities) | $ 236,786.00 | |
| **TOTAL ASSETS** | **$ 256,786.00** | TOTAL (Total Liabilities PLUS Net Worth) | $ 256,786.00 | |

## ANNUAL INCOME

Income Sources - Income from alimony, child support or separate maintenance does not have to be stated unless you want it considered.

| | | | |
|---|---|---|---|
| Your Gross Annual Salary | $ 27,000 |
| Your Spouse's Gross Annual Salary | $ |
| Gross Annual Rental Income | $ |
| OTHER INCOME (Please itemize) | $ |
| Pension | $ 7,500 |
| | $ |
| | $ |
| | $ |
| **TOTAL** | **$ 34,500** |

Is any of this income likely to be reduced or interrupted within the next year?
☐ Yes   ☒ No   If yes, how long will the interruption last? Describe

## ANNUAL EXPENDITURES

| | |
|---|---|
| Real Estate payment(s) | $ 0 |
| Rent/Lease payment(s) | $ 0 |
| Income Taxes | $ 0 |
| Insurance Premiums (all types) | $ 480.00 |
| Property Taxes | $ 45.00 |
| Alimony, Child Support or Separate Maintenance | $ 0 |
| Other (include installment payments other than real estate) | $ |
| 1. Utilities | $ 3,500 |
| 2. | $ |
| **TOTAL EXPENDITURES** | **$ 4,025** |

Do you have loans/obligations in any other individual or business name?
☐ Yes, describe   ☒ No
1.
2.

| | |
|---|---|
| **TOTAL** | **$** |

05-14-4581NSBW  06-2015

# Exhibit # 10

*Please complete reverse side*

Case ID: 160903124

| * OWNERSHIP TYPE: | JT = Joint Tenancy | TC = Tenants in Common |
|---|---|---|
| | CP = Community Property | SP = Separate Property |

Filed and Attested by the
Office of Judicial Records
...
E. EDWARDS
...
ALL...UNL...TED
...DISTRICT OF...

### SCHEDULE A — Marketable Securities (Attach Supplemental Schedule if necessary)

| NO. OF SHARES AMT. OF BONDS | DESCRIPTION | EXCHANGE LISTED | NAME(S) OF OWNER(S) | *OWNERSHIP TYPE |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

### SCHEDULE B — Business(es) Owned (Attach Supplemental Schedule if necessary)

| NO. OF SHARES | DESCRIPTION | NAME(S) OF OWNER(S) | *OWNERSHIP TYPE | PERCENTAGE OWNERSHIP | CURRENT VALUE |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

### SCHEDULE C — Real Estate (Attach Supplemental Schedule if necessary)

| PROPERTY ADDRESS AND TYPE OF IMPROVEMENT | PURCHASE DATE | NAME(S) OF OWNER(S) | *OWNERSHIP TYPE | NET ANNUAL RENTAL INCOME | ESTIMATED VALUE | AMOUNT OWING | TO WHOM PAYABLE / MONTHLY PAYMENT |
|---|---|---|---|---|---|---|---|
| | / / | | | | | | |
| | / / | | | | | | |
| | / / | | | | | | |
| | / / | | | | | | |
| | / / | | | | | | |
| | / / | | | | | | |
| | / / | | | | | | |
| | / / | | | | | | |

### GENERAL INFORMATION ON APPLICANT AND SPOUSE (Provide full details on any "yes" answers to questions 2-6. Attach separate sheet if necessary.)

1. Are your principal cash deposits held jointly with another person?  ☒ Yes  ☐ No  If yes, with whom?  My wife
2. Are any assets encumbered or debts secured except as indicated?  ☐ Yes  ☒ No
3. Are there any suits or unpaid judgments now pending against you?  ☐ Yes  ☒ No
4. Have you ever voluntarily surrendered or had a vehicle, or any other item repossessed?  ☐ Yes  ☒ No
5. Have you or your spouse ever been the subject of bankruptcy proceedings?  ☐ Yes  ☒ No
6. Have you ever applied for or obtained credit under another name?  ☐ Yes  ☒ No
7. Are you a U.S. Citizen?  ☒ Yes  ☐ No  If no, please give country of citizenship and visa status: _____
8. Are any assets held in a trust?  ☐ Yes  ☒ No

| Life Insurance $ 10,000 | Name of Insured Waliyyuddin S. Abdullah | Name of Company Globe Life | |
|---|---|---|---|
| Beneficiary's Name Zakia Abdullah | Address 2451 N. 19th Street , Philadelphia, Pa. 19132-4304 | | Relationship Wife |
| Life Insurance $ | Name of Insured | Name of Company | |
| Beneficiary's Name | Address | | Relationship |

### YOUR SIGNATURE

By signing below, you certify that the statements above and on any attachment(s) are true and complete as of the date given below. You authorize the Bank to verify or check any of the information given, check your credit references, verify employment and obtain credit reports. You also authorize the Bank to provide credit information about you and your accounts to others.

21 / 21 / 2012    X _Waliyyull : S. Abdullah_
DATE    APPLICANT

/    /    X _____
DATE    APPLICANT

# Exhibit # 11

**Bank of America**

**Schedule of Business Debt**

| Business name | Islamic Communication Network, Inc. | Federal tax ID number | 23-2408419 |
|---|---|---|---|

(Complete legal name and DBA name, if applicable, as shown on the application.)

Please use this form to list, in detail, your business indebtedness. This listing should include, but not be limited to, lines of credit, term (installment) loans and letters of credit. Indicate by asterisk (*) items to be paid by loan proceeds and the reason for payoff. Present balance should agree with latest balance sheet. Please fill out this form as completely as possible.

### Schedule of business debt

| Financial institution Name and address | Original date | Original amount | Present balance | Interest rate | Maturity date | Monthly payment | Collateral pledged |
|---|---|---|---|---|---|---|---|
| | / / | $ | $ | | / / | $ | |
| | / / | $ | $ | | / / | $ | |
| | / / | $ | $ | | / / | $ | |
| | / / | $ | $ | | / / | S | |
| | / / | $ | $ | | / / | $ | |
| | / / | $ | $ | | / / | $ | |
| | / / | $ | $ | | / / | $ | |
| | / / | $ | $ | | / / | $ | |
| | / / | $ | $ | | / / | $ | |
| | / / | $ | $ | | / / | $ | |
| | / / | $ | $ | | / / | $ | |
| | / / | $ | $ | | / / | $ | |
| | / / | $ | $ | | / / | $ | |

I certify that the foregoing information is true, complete and correct.

**Authorized signature**

Name of borrower    Islamic Communication Network, Inc.    W.ᶥᵧᵧlL. S. Aᶁ.llL

Prepared by (print name)    Waliyyuddin S. Abdullah    Signature X                    Date    12 / 21 / 2012

Bank of America, N.A.
© 2000 Bank of America Corporation
05-14-4986BW  06-2000 (CA)                    1 of 1

# Exhibit # 12

Case ID: 160903124

Form **1040A**

Department of the Treasury—Internal Revenue Service

**U.S. Individual Income Tax Return** (99)    **2010**    IRS Use Only—Do not write or staple in this space.

OMB No. 1545-0074

**Name, Address, and SSN**

PRINT CLEARLY

See separate instructions.

| Your first name and initial | Last name | Your social security number |
|---|---|---|
| Waliyyuddin    S. | Abdullah | |
| If a joint return, spouse's first name and initial | Last name | Spouse's social security number |
| Zakia | Abdullah | |

Home address (number and street). If you have a P.O. box, see instructions.    Apt. no.

2451 N. 19th Street

City, town or post office, state, and ZIP code. If you have a foreign address, see instructions.

Philadelphia, Pa. 19132-4304

▲ Make sure the SSN(s) above and on line 6c are correct.

Checking a box below will not change your tax or refund.

**Presidential Election Campaign** ▶ Check here if you, or your spouse if filing jointly, want $3 to go to this fund.    ▶ ☐ You    ☐ Spouse

**Filing status**

Check only one box.

1 ☐ Single
2 ☑ Married filing jointly (even if only one had income)
3 ☐ Married filing separately. Enter spouse's SSN above and full name here. ▶
4 ☐ Head of household (with qualifying person). (See instructions.) If the qualifying person is a child but not your dependent, enter this child's name here. ▶
5 ☐ Qualifying widow(er) with dependent child (see instructions)

**Exemptions**

If more than six dependents, see instructions.

6a ☑ Yourself.    If someone can claim you as a dependent, **do not check** box 6a
b ☑ Spouse

c **Dependents:**

| (1) First name    Last name | (2) Dependent's social security number | (3) Dependent's relationship to you | (4) ✓ if child under age 17 qualifying for child tax credit (see page 16) |
|---|---|---|---|
| | | | ☐ |
| | | | ☐ |
| | | | ☐ |
| | | | ☐ |
| | | | ☐ |
| | | | ☐ |

Boxes checked on 6a and 6b    **2**

No. of children on 6c who:
• lived with you
• did not live with you due to divorce or separation (see instructions)

Dependents on 6c not entered above

Add numbers on lines above ▶    **2**

d    Total number of exemptions claimed.

**Income**

Attach Form(s) W-2 here. Also attach Form(s) 1099-R if tax was withheld.

If you did not get a W-2, see page 20.

Enclose, but do not attach, any payment. Also, please use Form 1040-V.

| | | | | | |
|---|---|---|---|---|---|
| 7 | Wages, salaries, tips, etc. Attach Form(s) W-2. | | | 7 | 25,000 | 00 |
| 8a | **Taxable** interest. Attach Schedule B if required. | | | 8a | | 0 |
| b | **Tax-exempt** interest. **Do not** include on line 8a. | 8b | | | | |
| 9a | Ordinary dividends. Attach Schedule B if required. | | | 9a | | 0 |
| b | Qualified dividends (see instructions). | 9b | | | | |
| 10 | Capital gain distributions (see instructions). | | | 10 | | 0 |
| 11a | IRA distributions.    11a | | 11b    Taxable amount (see instructions). | 11b | | 0 |
| 12a | Pensions and annuities.    12a    7,581 | | 12b    Taxable amount (see instructions). | 12b | 7,581 | 00 |
| 13 | Unemployment compensation and Alaska Permanent Fund dividends. | | | 13 | | 0 |
| 14a | Social security benefits.    14a | | 14b    Taxable amount (see instructions). | 14b | | 0 |
| 15 | Add lines 7 through 14b (far right column). This is your **total income.** ▶ | | | 15 | 32,581 | 00 |

**Adjusted gross income**

| | | | | | |
|---|---|---|---|---|---|
| 16 | Educator expenses (see instructions). | 16 | 0 | | |
| 17 | IRA deduction (see instructions). | 17 | 0 | | |
| 18 | Student loan interest deduction (see instructions). | 18 | 0 | | |
| 19 | Tuition and fees. Attach Form 8917. | 19 | 0 | | |
| 20 | Add lines 16 through 19. These are your **total adjustments.** | | | 20 | | 0 |
| 21 | Subtract line 20 from line 15. This is your **adjusted gross income.** ▶ | | | 21 | 32,581 | 00 |

**For Disclosure, Privacy Act, and Paperwork Reduction Act Notice, see separate instructions.**    Cat. No. 11327A    **Form 1040A** (2010)

# Exhibit # 13

Case ID: 160903124

Form 1040A (2010)                                                                                                    Page 2

| Tax, credits, and payments | 22 | Enter the amount from line 21 (adjusted gross income). | | 22 | 32,581 | 00 |
|---|---|---|---|---|---|---|
| | 23a | Check if: ☐ You were born before January 2, 1946, ☐ Blind ☐ Spouse was born before January 2, 1946, ☐ Blind \| Total boxes checked ▶ 23a | | | | |
| | b | If you are married filing separately and your spouse itemizes deductions, see page 30 and check here ▶ 23b ☐ | | | | |
| | 24 | Enter your **standard deduction** (see instructions). | | 24 | 11,400 | 00 |
| | 25 | Subtract line 24 from line 22. If line 24 is more than line 22, enter -0-. | | 25 | 21,181 | 00 |
| | 26 | **Exemptions.** Multiply $3,650 by the number on line 6d. | | 26 | 7,300 | 00 |
| | 27 | Subtract line 26 from line 25. If line 26 is more than line 25, enter -0-. This is your **taxable income.** | ▶ | 27 | 13,881 | 00 |
| | 28 | **Tax,** including any alternative minimum tax (see instructions). | | 28 | 1,388 | 00 |
| | 29 | Credit for child and dependent care expenses. Attach Form 2441. 29 | 0 | | | |
| | 30 | Credit for the elderly or the disabled. Attach Schedule R. 30 | 0 | | | |
| | 31 | Education credits from Form 8863, line 23. 31 | 0 | | | |
| | 32 | Retirement savings contributions credit. Attach Form 8880. 32 | 0 | | | |
| | 33 | Child tax credit (see instructions). 33 | 0 | | | |
| | 34 | Add lines 29 through 33. These are your **total credits.** | | 34 | | 0 |
| | 35 | Subtract line 34 from line 28. If line 34 is more than line 28, enter -0-. | | 35 | | 0 |
| | 36 | Advance earned income credit payments from Form(s) W-2, box 9. | | 36 | | 0 |
| | 37 | Add lines 35 and 36. This is your **total tax.** | ▶ | 37 | 1,388 | 00 |
| | 38 | Federal income tax withheld from Forms W-2 and 1099. 38 | 0 | | | |
| | 39 | 2010 estimated tax payments and amount applied from 2009 return. 39 | 0 | | | |
| If you have a qualifying child, attach Schedule EIC. | 40 | Making work pay credit. Attach Schedule M. 40 | 0 | | | |
| | 41a | **Earned income credit (EIC).** 41a | 0 | | | |
| | b | Nontaxable combat pay election. 41b | | | | |
| | 42 | Additional child tax credit. Attach Form 8812. 42 | 0 | | | |
| | 43 | American opportunity credit from Form 8863, line 14. 43 | 0 | | | |
| | 44 | Add lines 38, 39, 40, 41a, 42, and 43. These are your **total payments.** | ▶ | 44 | | 0 |
| **Refund** | 45 | If line 44 is more than line 37, subtract line 37 from line 44. This is the amount you **overpaid.** | | 45 | | 0 |
| Direct deposit? See instructions and fill in 46b, 46c, and 46d or Form 8888. | 46a | Amount of line 45 you want **refunded to you.** If Form 8888 is attached, check here ▶ ☐ | | 46a | | |
| | ▶ b | Routing number | ▶ c Type: ☐ Checking ☐ Savings | | | |
| | ▶ d | Account number | | | | |
| | 47 | Amount of line 45 you want **applied to your 2011 estimated tax.** 47 | | | | |
| **Amount you owe** | 48 | **Amount you owe.** Subtract line 44 from line 37. For details on how to pay, see instructions. | ▶ | 48 | | |
| | 49 | Estimated tax penalty (see instructions). 49 | | | | |

| Third party designee | Do you want to allow another person to discuss this return with the IRS (see instructions)? ☐ **Yes.** Complete the following. ☑ **No** |
|---|---|
| | Designee's name ▶          Phone no. ▶          Personal identification number (PIN) ▶ |

| Sign here | Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and accurately list all amounts and sources of income I received during the tax year. Declaration of preparer (other than the taxpayer) is based on all information of which the preparer has any knowledge. | | |
|---|---|---|---|
| Joint return? See page 13. | Your signature *[signature]* | Date 4-2-2011 | Your occupation **Business Owner** | Daytime phone number 215-223-3549 |
| Keep a copy for your records. | Spouse's signature. If a joint return, **both must sign.** *[signature]* | Date 4-2-2011 | Spouse's occupation **Housewife** | |

| Paid preparer use only | Print/type preparer's name | Preparer's signature | Date | Check ▶ ☐ if self-employed | PTIN |
|---|---|---|---|---|---|
| | Firm's name ▶ | | | Firm's EIN ▶ | |
| | Firm's address ▶ | | | Phone no. | |

Form **1040A** (2010)

# Exhibit # 14

Case ID: 160903124

Form **1040A**

Department of the Treasury – Internal Revenue Service

**U.S. Individual Income Tax Return** (99)    **2011**    IRS Use Only – Do not write or staple in this space.

OMB No. 1545-0074

| Your first name and initial | | Last name | | | | | Your social security number |
|---|---|---|---|---|---|---|---|
| Waliyyuddin | S. | Abdullah | | | | | |

| If a joint return, spouse's first name and initial | | Last name | | | | | Spouse's social security number |
|---|---|---|---|---|---|---|---|
| Zakia | | Abdullah | | | | | |

Home address (number and street). If you have a P.O. box, see instructions.    Apt. no

2451 N. 19th Street

▲ Make sure the SSN(s) above and on line 6c are correct.

City, town or post office, state, and ZIP code, if you have a foreign address, also complete spaces below, see instructions.

Philadelphia, Pa. 19132-4304

| Foreign country name | Foreign province/county | Foreign postal code |
|---|---|---|

**Presidential Election Campaign**
Check here if you, or your spouse if filing jointly, want $3 to go to this fund. Checking a box below will not change your tax or refund.    ☐ You  ☐ Spouse

**Filing status**
Check only one box.

1 ☐ Single
2 ☑ Married filing jointly (even if only one had income)
3 ☐ Married filing separately. Enter spouse's SSN above and full name here. ▶
4 ☐ Head of household (with qualifying person). (See instructions.) If the qualifying person is a child but not your dependent, enter this child's name here. ▶
5 ☐ Qualifying widow(er) with dependent child (see instructions)

**Exemptions**

6a ☑ **Yourself.** If someone can claim you as a dependent, **do not check** box 6a.

b ☑ **Spouse**

c **Dependents:**

If more than six dependents, see instructions

| (1) First name    Last name | (2) Dependent's social security number | (3) Dependent's relationship to you | (4) ✓ if child under age 17 qualifying for child tax credit (see instructions) |
|---|---|---|---|
| ▬▬▬ | ▬▬▬ | Daughter | ✓ |
| | | | ☐ |
| | | | ☐ |
| | | | ☐ |
| | | | ☐ |
| | | | ☐ |

Boxes checked on 6a and 6b    **2**

No. of children on 6c who:
• lived with you    **1**
• did not live with you due to divorce or separation (see instructions) ___

Dependents on 6c not entered above ___

Add numbers on lines above ▶    **3**

d    Total number of exemptions claimed.

**Income**

**Attach Form(s) W-2 here. Also attach Form(s) 1099-R if tax was withheld.**

If you did not get a W-2, see instructions.

Enclose, but do not attach, any payment. Also, please use Form 1040-V.

| | | | |
|---|---|---|---|
| 7 | Wages, salaries, tips, etc. Attach Form(s) W-2. | 7 | 27,000  00 |
| 8a | **Taxable** interest. Attach Schedule B if required. | 8a | 0 |
| b | **Tax-exempt** interest. **Do not** include on line 8a.    8b | | |
| 9a | Ordinary dividends. Attach Schedule B if required. | 9a | 0 |
| b | Qualified dividends (see instructions).    9b | | |
| 10 | Capital gain distributions (see instructions). | 10 | 0 |
| 11a | IRA distributions.    11a | 11b  Taxable amount (see instructions). | 11b | 0 |
| 12a | Pensions and annuities.    12a    7,581 | 12b  Taxable amount (see instructions). | 12b | 7,581  00 |
| 13 | Unemployment compensation and Alaska Permanent Fund dividends. | 13 | 0 |
| 14a | Social security benefits.    14a | 14b  Taxable amount (see instructions). | 14b | 0 |
| 15 | Add lines 7 through 14b (far right column). This is your **total income.** ▶ | 15 | 34,581  00 |

**Adjusted gross income**

| | | | | |
|---|---|---|---|---|
| 16 | Educator expenses (see instructions). | 16 | 0 | |
| 17 | IRA deduction (see instructions). | 17 | 0 | |
| 18 | Student loan interest deduction (see instructions). | 18 | 0 | |
| 19 | Tuition and fees. Attach Form 8917. | 19 | 0 | |
| 20 | Add lines 16 through 19. These are your **total adjustments.** | 20 | | 0 |
| 21 | Subtract line 20 from line 15. This is your **adjusted gross income.** ▶ | 21 | | 34,581  00 |

**For Disclosure, Privacy Act, and Paperwork Reduction Act Notice, see separate instructions.** Cat. No. 11327A    Form **1040A** (2011)

# Exhibit # 15

Case ID: 160903124

Form 1040A (2011)

Page **2**

| Tax, credits, and payments | 22 | Enter the amount from line 21 (adjusted gross income). | | | 22 | 34,581 | 00 |
|---|---|---|---|---|---|---|---|
| | 23a | Check if: ☐ You were born before January 2, 1947, ☐ Blind } Total boxes<br>☐ Spouse was born before January 2, 1947, ☐ Blind } checked ► 23a | | | | | |
| | b | If you are married filing separately and your spouse itemizes deductions, check here ► 23b | | ☐ | | | |
| Standard Deduction for— | 24 | Enter your **standard deduction**. | | | 24 | 11,600 | 00 |
| • People who check any box on line 23a or 23b or who can be claimed as a dependent, see instructions. | 25 | Subtract line 24 from line 22. If line 24 is more than line 22, enter -0-. | | | 25 | 22,981 | 00 |
| | 26 | **Exemptions.** Multiply $3,700 by the number on line 6d. | | | 26 | 11,100 | 00 |
| | 27 | Subtract line 26 from line 25. If line 26 is more than line 25, enter -0-. This is your **taxable income.** | | | ► 27 | 11,881 | 00 |
| | 28 | **Tax,** including any alternative minimum tax (see instructions). | | | 28 | 1,183 | 00 |
| • All others:<br>Single or Married filing separately, $5,800 | 29 | Credit for child and dependent care expenses. Attach Form 2441. | 29 | | 0 | | |
| Married filing jointly or Qualifying widow(er), $11,600 | 30 | Credit for the elderly or the disabled. Attach Schedule R. | 30 | | 0 | | |
| | 31 | Education credits from Form 8863, line 23. | 31 | 106 | 00 | | |
| | 32 | Retirement savings contributions credit. Attach Form 8880. | 32 | | 0 | | |
| Head of household, $8,500 | 33 | Child tax credit (see instructions). | 33 | 106 | 00 | | |
| | 34 | Add lines 29 through 33. These are your **total credits.** | | | 34 | 212 | 00 |
| | 35 | Subtract line 34 from line 28. If line 34 is more than line 28, enter -0-. This is your **total tax.** | | | 35 | 971 | 00 |
| If you have a qualifying child, attach Schedule EIC. | 36 | Federal income tax withheld from Forms W-2 and 1099. | 36 | 116 | 00 | | |
| | 37 | 2011 estimated tax payments and amount applied from 2010 return. | 37 | | 0 | | |
| | 38a | **Earned income credit (EIC).** | 38a | 236 | 00 | | |
| | b | Nontaxable combat pay election. | 38b | | | | |
| | 39 | Additional child tax credit. Attach Form 8812. | 39 | 894 | 00 | | |
| | 40 | American opportunity credit from Form 8863, line 14. | 40 | | | | |
| | 41 | Add lines 36, 37, 38a, 39, and 40. These are your **total payments.** | | | ► 41 | 1,246 | 00 |
| Refund | 42 | If line 41 is more than line 35, subtract line 35 from line 41. This is the amount you **overpaid.** | | | 42 | 275 | 00 |
| Direct deposit? See instructions and fill in 43b, 43c, and 43d or Form 8888. | 43a | Amount of line 42 you want **refunded to you.** If Form 8888 is attached, check here ► ☐ | | | 43a | 275 | 00 |
| | ► b | Routing number | ► c Type: ☐ Checking ☐ Savings | | | | |
| | ► d | Account number | | | | | |
| | 44 | Amount of line 42 you want **applied to your 2012 estimated tax.** | 44 | | 0 | | |
| Amount you owe | 45 | **Amount you owe.** Subtract line 41 from line 35. For details on how to pay, see instructions. | | | ► 45 | | 0 |
| | 46 | Estimated tax penalty (see instructions). | 46 | 0 | | | |

| Third party designee | Do you want to allow another person to discuss this return with the IRS (see instructions)? ☐ **Yes.** Complete the following. ☑ **No** |
|---|---|
| | Designee's name ► | Phone no. ► | Personal identification number (PIN) ► |

| Sign here | Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and accurately list all amounts and sources of income I received during the tax year. Declaration of preparer (other than the taxpayer) is based on all information of which the preparer has any knowledge. |
|---|---|

Joint return? See page 13.
Keep a copy for your records.

| Your signature | Date 3/12/2012 | Your occupation **Business Owner** | Daytime phone number **215-223-3549** |
|---|---|---|---|
| Spouse's signature. If a joint return, **both must sign.** | Date 3/12/2012 | Spouse's occupation **Student & Food Service** | If the IRS sent you an Identity Protection PIN, enter it here (see inst.) |

| Paid preparer use only | Print/type preparer's name | Preparer's signature | Date | Check ► ☐ if self-employed | PTIN |
|---|---|---|---|---|---|
| | Firm's name ► | | | Firm's EIN ► | |
| | Firm's address ► | | | Phone no. | |

Form **1040A** (2011)

Exhibit # 16

Case ID: 160903124

**Form 1120**

Department of the Treasury
Internal Revenue Service

## U.S. Corporation Income Tax Return

For calendar year 2010 or tax year beginning _____, 2010, ending _____, 20____

► See separate instructions.

OMB No. 1545-0123

**2010**

**A Check if:**
1a Consolidated return (attach Form 851) ☐
b Life/nonlife consolidated return ☐
2 Personal holding co (attach Sch. PH) ☐
3 Personal service corp (see instructions) ☐
4 Schedule M-3 attached ☐

Print or type

Name: **Islamic Communicaton Network, Inc.**

Number, street, and room or suite no. If a P.O. box, see instructions.
**2451 N. 19th Street**

City or town, state, and ZIP code
**Philadelphia, Penna. 19132-4304**

E Check if: (1) ☐ Initial return  (2) ☐ Final return  (3) ☐ Name change  (4) ☐ Address change

**B Employer identification number**

**C Date incorporated** 1986

**D Total assets (see instructions)** $ 180,000 00

| | | | | |
|---|---|---|---|---|
| **Income** | 1a | Gross receipts or sales 23,500 00  b Less returns and allowances _____  c Bal ► | 1c | 23,500 00 |
| | 2 | Cost of goods sold (Schedule A, line 8) | 2 | 0 |
| | 3 | Gross profit. Subtract line 2 from line 1c | 3 | 23,500 00 |
| | 4 | Dividends (Schedule C, line 19) | 4 | 0 |
| | 5 | Interest | 5 | 0 |
| | 6 | Gross rents | 6 | 0 |
| | 7 | Gross royalties | 7 | 20,000 00 |
| | 8 | Capital gain net income (attach Schedule D (Form 1120)) | 8 | 0 |
| | 9 | Net gain or (loss) from Form 4797, Part II, line 17 (attach Form 4797) | 9 | 0 |
| | 10 | Other income (see instructions—attach schedule) | 10 | 0 |
| | 11 | **Total income. Add lines 3 through 10** ► | 11 | 43,500 00 |
| **Deductions (See instructions for limitations on deductions.)** | 12 | Compensation of officers (Schedule E, line 4) ► | 12 | 25,000 00 |
| | 13 | Salaries and wages (less employment credits) | 13 | 8,500 00 |
| | 14 | Repairs and maintenance | 14 | 0 |
| | 15 | Bad debts | 15 | 0 |
| | 16 | Rents | 16 | 3,000 00 |
| | 17 | Taxes and licenses | 17 | 0 |
| | 18 | Interest | 18 | 0 |
| | 19 | Charitable contributions | 19 | 1,100 00 |
| | 20 | Depreciation from Form 4562 not claimed on Schedule A or elsewhere on return (attach Form 4562) | 20 | 0 |
| | 21 | Depletion | 21 | 0 |
| | 22 | Advertising | 22 | 1,500 0 |
| | 23 | Pension, profit-sharing, etc., plans | 23 | 0 |
| | 24 | Employee benefit programs | 24 | 0 |
| | 25 | Domestic production activities deduction (attach Form 8903) | 25 | 0 |
| | 26 | Other deductions (attach schedule) | 26 | 1,900 00 |
| | 27 | **Total deductions. Add lines 12 through 26** ► | 27 | 41,000 00 |
| | 28 | Taxable income before net operating loss deduction and special deductions. Subtract line 27 from line 11 | 28 | 2,500 00 |
| | 29 | Less: a Net operating loss deduction (see instructions) ... 29a _____ | | |
| | | b Special deductions (Schedule C, line 20) ... 29b _____ | 29c | 0 |
| **Tax, Refundable Credits, and Payments** | 30 | **Taxable income.** Subtract line 29c from line 28 (see instructions) | 30 | 2,500 00 |
| | 31 | Total tax (Schedule J, line 10) | 31 | 375 00 |
| | 32a | 2009 overpayment credited to 2010 ... 32a 0 | | |
| | b | 2010 estimated tax payments ... 32b 0 | | |
| | c | 2010 refund applied for on Form 4466 ... 32c (_____) d Bal ► 32d 0 | | |
| | e | Tax deposited with Form 7004 ... 32e 0 | | |
| | f | Credits: (1) Form 2439 _____ (2) Form 4136 _____ 32f 0 | | |
| | g | Refundable credits from Form 3800, line 19c, and Form 8827, line 8c ... 32g 0 | 32h | 0 |
| | 33 | Estimated tax penalty (see instructions). Check if Form 2220 is attached ► ☐ | 33 | 0 |
| | 34 | **Amount owed.** If line 32h is smaller than the total of lines 31 and 33, enter amount owed | 34 | 375 00 |
| | 35 | **Overpayment.** If line 32h is larger than the total of lines 31 and 33, enter amount overpaid | 35 | 0 |
| | 36 | Enter amount from line 35 you want: **Credited to 2011 estimated tax** ► _____ **Refunded** ► | 36 | 0 |

**Sign Here**

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

Signature of officer: *[signature]* W.L.S. Hbull   Date 12/14/2012   Title PRESIDENT / CEO

May the IRS discuss this return with the preparer shown below (see instructions)? ☐ Yes ☐ No

**Paid Preparer Use Only**

| Print/Type preparer's name | Preparer's signature | Date | Check ☐ if self-employed | PTIN |
|---|---|---|---|---|
| | | | | |

Firm's name ► _____   Firm's EIN ► _____
Firm's address ► _____   Phone no. _____

For Paperwork Reduction Act Notice, see separate instructions.   Cat. No. 11450Q   Form **1120** (2010)

# Exhibit # 17

Form 1120 (2010)                                                                                                          Page **2**

## Schedule A     Cost of Goods Sold (see instructions)

| | | | |
|---|---|---|---|
| 1 | Inventory at beginning of year | **1** | 0 |
| 2 | Purchases | **2** | |
| 3 | Cost of labor | **3** | |
| 4 | Additional section 263A costs (attach schedule) | **4** | |
| 5 | Other costs (attach schedule) | **5** | |
| 6 | **Total.** Add lines 1 through 5 | **6** | |
| 7 | Inventory at end of year | **7** | |
| 8 | **Cost of goods sold.** Subtract line 7 from line 6. Enter here and on page 1, line 2 | **8** | 0 |

9a Check all methods used for valuing closing inventory:

  (i) ☐ Cost

  (ii) ☐ Lower of cost or market

  (iii) ☐ Other (Specify method used and attach explanation.) ▶ ................................................................... ▶ ☐

 b Check if there was a writedown of subnormal goods .......................................................... ▶ ☐

 c Check if the LIFO inventory method was adopted this tax year for any goods (if checked, attach Form 970) ... ▶ ☐

 d If the LIFO inventory method was used for this tax year, enter percentage (or amounts) of closing inventory computed under LIFO ............................................... **9d**

 e If property is produced or acquired for resale, do the rules of section 263A apply to the corporation? ......... ☐ Yes    ☐ No

 f Was there any change in determining quantities, cost, or valuations between opening and closing inventory? If "Yes," attach explanation ....................................................................... ☐ Yes    ☐ No

## Schedule C     Dividends and Special Deductions (see instructions)

| | | (a) Dividends received | (b) % | (c) Special deductions (a) × (b) |
|---|---|---|---|---|
| 1 | Dividends from less-than-20%-owned domestic corporations (other than debt-financed stock) | 0 | 70 | 0 |
| 2 | Dividends from 20%-or-more-owned domestic corporations (other than debt-financed stock) | | 80 | |
| 3 | Dividends on debt-financed stock of domestic and foreign corporations | | see instructions | |
| 4 | Dividends on certain preferred stock of less-than-20%-owned public utilities | | 42 | |
| 5 | Dividends on certain preferred stock of 20%-or-more-owned public utilities | | 48 | |
| 6 | Dividends from less-than-20%-owned foreign corporations and certain FSCs | | 70 | |
| 7 | Dividends from 20%-or-more-owned foreign corporations and certain FSCs | | 80 | |
| 8 | Dividends from wholly owned foreign subsidiaries | | 100 | |
| 9 | **Total.** Add lines 1 through 8. See instructions for limitation | | | |
| 10 | Dividends from domestic corporations received by a small business investment company operating under the Small Business Investment Act of 1958 | | 100 | |
| 11 | Dividends from affiliated group members | | 100 | |
| 12 | Dividends from certain FSCs | | 100 | |
| 13 | Dividends from foreign corporations not included on lines 3, 6, 7, 8, 11, or 12 | | | |
| 14 | Income from controlled foreign corporations under subpart F (attach Form(s) 5471) | | | |
| 15 | Foreign dividend gross-up | | | |
| 16 | IC-DISC and former DISC dividends not included on lines 1, 2, or 3 | | | |
| 17 | Other dividends | | | |
| 18 | Deduction for dividends paid on certain preferred stock of public utilities | | | 0 |
| 19 | **Total dividends.** Add lines 1 through 17. Enter here and on page 1, line 4 ▶ | 0 | | |
| 20 | **Total special deductions.** Add lines 9, 10, 11, 12, and 18. Enter here and on page 1, line 29b ▶ | | | 0 |

## Schedule E     Compensation of Officers (see instructions for page 1, line 12)

**Note:** *Complete Schedule E only if total receipts (line 1a plus lines 4 through 10 on page 1) are $500,000 or more.*

| (a) Name of officer | (b) Social security number | (c) Percent of time devoted to business | Percent of corporation stock owned | | (f) Amount of compensation |
|---|---|---|---|---|---|
| | | | (d) Common | (e) Preferred | |
| 1 Waliyyuddin S. Abdullah | 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 | 100 % | 45 % | 55 % | 25,000.00 |
| | | % | % | % | |
| | | % | % | % | |
| | | % | % | % | |
| | | % | % | % | |
| 2 | Total compensation of officers | | | | 25,000.00 |
| 3 | Compensation of officers claimed on Schedule A and elsewhere on return | | | | 0 |
| 4 | Subtract line 3 from line 2. Enter the result here and on page 1, line 12 | | | | 25,000.00 |

Form **1120** (2010)

# Exhibit # 18

Case ID: 160903124

Form 1120 (2010)                                                                                                    Page **3**

| Schedule J | **Tax Computation** (see instructions) | | | | |
|---|---|---|---|---|---|
| 1 | Check if the corporation is a member of a controlled group (attach Schedule O (Form 1120)) ▶ ☐ | | | | |
| 2 | Income tax. Check if a qualified personal service corporation (see instructions) ▶ ☐ | | | 2 | 375 | 00 |
| 3 | Alternative minimum tax (attach Form 4626) | | | 3 | | 0 |
| 4 | Add lines 2 and 3 | | | 4 | 375 | 00 |
| 5a | Foreign tax credit (attach Form 1118) | 5a | 0 | | | |
| b | Credit from Form 8834, line 29 | 5b | 0 | | | |
| c | General business credit (attach Form 3800) | 5c | 0 | | | |
| d | Credit for prior year minimum tax (attach Form 8827) | 5d | 0 | | | |
| e | Bond credits from Form 8912 | 5e | 0 | | | |
| 6 | **Total credits.** Add lines 5a through 5e | | | 6 | 375 | 00 |
| 7 | Subtract line 6 from line 4 | | | 7 | | |
| 8 | Personal holding company tax (attach Schedule PH (Form 1120)) | | | 8 | | |
| 9 | Other taxes. Check if from: ☐ Form 4255  ☐ Form 8611  ☐ Form 8697  ☐ Form 8866  ☐ Form 8902  ☐ Other (attach schedule) | | | 9 | | |
| 10 | **Total tax.** Add lines 7 through 9. Enter here and on page 1, line 31 | | | 10 | 375 | 00 |

| Schedule K | **Other Information** (see instructions) | Yes | No |
|---|---|---|---|
| 1 | Check accounting method: **a** ☑ Cash  **b** ☐ Accrual  **c** ☐ Other (specify) ▶ .......................... | | |
| 2 | See the instructions and enter the: | | |
| a | Business activity code no. ▶ ...................... | | |
| b | Business activity ▶  **1510** | | |
| c | Product or service ▶  **1510** | | |
| 3 | Is the corporation a subsidiary in an affiliated group or a parent-subsidiary controlled group? | | ✓ |
| | If "Yes," enter name and EIN of the parent corporation ▶ ...................... | | |
| 4 | At the end of the tax year: | | |
| a | Did any foreign or domestic corporation, partnership (including any entity treated as a partnership), trust, or tax-exempt organization own directly 20% or more, or own, directly or indirectly, 50% or more of the total voting power of all classes of the corporation's stock entitled to vote? If "Yes," complete Part I of Schedule G (Form 1120) (attach Schedule G) | | ✓ |
| b | Did any individual or estate own directly 20% or more, or own, directly or indirectly, 50% or more of the total voting power of all classes of the corporation's stock entitled to vote? If "Yes," complete Part II of Schedule G (Form 1120) (attach Schedule G) | | ✓ |
| 5 | At the end of the tax year, did the corporation: | | |
| a | Own directly 20% or more, or own, directly or indirectly, 50% or more of the total voting power of all classes of stock entitled to vote of any foreign or domestic corporation not included on **Form 851**, Affiliations Schedule? For rules of constructive ownership, see instructions | | ✓ |
| | If "Yes," complete (i) through (iv). | | |

| (i) Name of Corporation | (ii) Employer Identification Number (if any) | (iii) Country of Incorporation | (iv) Percentage Owned in Voting Stock |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

Form **1120** (2010)

# Exhibit # 19

Case ID: 160903124

Form 1120 (2010)

Page **4**

| Schedule K | Continued |
|---|---|

**Filed and Attested by the Office of Judicial Records 27 SEP 2016 01:16 pm K. EDWARDS**

**b**  Own directly an interest of 20% or more, or own, directly or indirectly, an interest of 50% or more in any foreign or domestic partnership (including an entity treated as a partnership) or in the beneficial interest of a trust? For rules of constructive ownership, see instructions. If "Yes," complete (i) through (iv).

| (i) Name of Entity | (ii) Employer Identification Number (if any) | (iii) Country of Organization | (iv) Maximum Percentage Owned in Profit, Loss, or Capital |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**6**  During this tax year, did the corporation pay dividends (other than stock dividends and distributions in exchange for stock) in excess of the corporation's current and accumulated earnings and profits? (See sections 301 and 316.) . . . . . . . .  ✓

If "Yes," file **Form 5452,** Corporate Report of Nondividend Distributions.

If this is a consolidated return, answer here for the parent corporation and on Form 851 for each subsidiary.

**7**  At any time during the tax year, did one foreign person own, directly or indirectly, at least 25% of **(a)** the total voting power of all classes of the corporation's stock entitled to vote or **(b)** the total value of all classes of the corporation's stock?  . . . .  ✓

For rules of attribution, see section 318. If "Yes," enter:

**(i)** Percentage owned ▶ _____  and  **(ii)** Owner's country ▶ _____

**(c)** The corporation may have to file **Form 5472,** Information Return of a 25% Foreign-Owned U.S. Corporation or a Foreign Corporation Engaged in a U.S. Trade or Business. Enter the number of Forms 5472 attached ▶ _____

**8**  Check this box if the corporation issued publicly offered debt instruments with original issue discount  .  .  .  .  .  .  ▶ ☐

If checked, the corporation may have to file **Form 8281,** Information Return for Publicly Offered Original Issue Discount Instruments.

**9**  Enter the amount of tax-exempt interest received or accrued during the tax year ▶ $ _____

**10**  Enter the number of shareholders at the end of the tax year (if 100 or fewer) ▶ _____

**11**  If the corporation has an NOL for the tax year and is electing to forego the carryback period, check here  .  .  .  .  .  ▶ ☐

If the corporation is filing a consolidated return, the statement required by Regulations section 1.1502-21(b)(3) must be attached or the election will not be valid.

**12**  Enter the available NOL carryover from prior tax years (do not reduce it by any deduction on line 29a.) ▶ $ _____

**13**  Are the corporation's total receipts (line 1a plus lines 4 through 10 on page 1) for the tax year **and** its total assets at the end of the tax year less than $250,000?  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  ✓

If "Yes," the corporation is not required to complete Schedules L, M-1, and M-2 on page 5. Instead, enter the total amount of cash distributions and the book value of property distributions (other than cash) made during the tax year ▶ $ _____

**14**  Is the corporation required to file Schedule UTP (Form 1120), Uncertain Tax Position Statement (see instructions)?  .  .  .  .  ✓

If "Yes," complete and attach Schedule UTP.

Form **1120** (2010)

# Exhibit # 20

Case ID: 160903124

Form 1120 (2010)

Page 5

| Schedule L | Balance Sheets per Books | Beginning of tax year | | End of tax year | |
|---|---|---|---|---|---|
| | Assets | (a) | (b) | (c) | (d) |
| 1 | Cash | | | | |
| 2a | Trade notes and accounts receivable | | | | |
| b | Less allowance for bad debts | ( ) | | ( ) | |
| 3 | Inventories | | | | |
| 4 | U.S. government obligations | | | | |
| 5 | Tax-exempt securities (see instructions) | | | | |
| 6 | Other current assets (attach schedule) | | | | |
| 7 | Loans to shareholders | | | | |
| 8 | Mortgage and real estate loans | | | | |
| 9 | Other investments (attach schedule) | | | | |
| 10a | Buildings and other depreciable assets | | | | |
| b | Less accumulated depreciation | ( ) | | ( ) | |
| 11a | Depletable assets | | | | |
| b | Less accumulated depletion | ( ) | | ( ) | |
| 12 | Land (net of any amortization) | | | | |
| 13a | Intangible assets (amortizable only) | | | | |
| b | Less accumulated amortization | ( ) | | ( ) | |
| 14 | Other assets (attach schedule) | | | | |
| 15 | Total assets | | | | |
| | Liabilities and Shareholders' Equity | | | | |
| 16 | Accounts payable | | | | |
| 17 | Mortgages, notes, bonds payable in less than 1 year | | | | |
| 18 | Other current liabilities (attach schedule) | | | | |
| 19 | Loans from shareholders | | | | |
| 20 | Mortgages, notes, bonds payable in 1 year or more | | | | |
| 21 | Other liabilities (attach schedule) | | | | |
| 22 | Capital stock:   a Preferred stock | | | | |
| | b Common stock | | | | |
| 23 | Additional paid-in capital | | | | |
| 24 | Retained earnings—Appropriated (attach schedule) | | | | |
| 25 | Retained earnings—Unappropriated | | | | |
| 26 | Adjustments to shareholders' equity (attach schedule) | | | | |
| 27 | Less cost of treasury stock | | ( ) | | ( ) |
| 28 | Total liabilities and shareholders' equity | | | | |

| Schedule M-1 | Reconciliation of Income (Loss) per Books With Income per Return |
|---|---|
| | Note: Schedule M-3 required instead of Schedule M-1 if total assets are $10 million or more—see instructions |

| | | | | |
|---|---|---|---|---|
| 1 | Net income (loss) per books | | 7 Income recorded on books this year not included on this return (itemize): | |
| 2 | Federal income tax per books | | Tax-exempt interest   $ _____ | |
| 3 | Excess of capital losses over capital gains | | _____ | |
| 4 | Income subject to tax not recorded on books this year (itemize): _____ | | _____ | |
| | _____ | | 8 Deductions on this return not charged against book income this year (itemize): | |
| 5 | Expenses recorded on books this year not deducted on this return (itemize): | | a Depreciation   $ _____ | |
| | | | b Charitable contributions $ _____ | |
| a | Depreciation   $ _____ | | _____ | |
| b | Charitable contributions . $ _____ | | _____ | |
| c | Travel and entertainment   $ _____ | | 9 Add lines 7 and 8 | |
| 6 | Add lines 1 through 5 | | 10 Income (page 1, line 28)—line 6 less line 9 | |

| Schedule M-2 | Analysis of Unappropriated Retained Earnings per Books (Line 25, Schedule L) |
|---|---|

| | | | | |
|---|---|---|---|---|
| 1 | Balance at beginning of year | | 5 Distributions:   a Cash | |
| 2 | Net income (loss) per books | | b Stock | |
| 3 | Other increases (itemize): _____ | | c Property | |
| | _____ | | 6 Other decreases (itemize): _____ | |
| | _____ | | 7 Add lines 5 and 6 | |
| 4 | Add lines 1, 2, and 3 | | 8 Balance at end of year (line 4 less line 7) | |

Form 1120 (2010)

# Exhibit # 21

Case ID: 160903124

Line 26 - Schedule (2010)

Overall Company's Cost:

- Office Equipment & Supplies          $480.00
- Phone & Internet Services          $1,070.00
- Postage          $120.00
- Misc. Expenses          $230.00

Total Expenses:          $1,900.00

# Exhibit # 22

Case ID: 160903124

**Form 1120**

Department of the Treasury
Internal Revenue Service

**U.S. Corporation Income Tax Return**

For calendar year 2011 or tax year beginning _____, 2011, ending _____, 20 _____

► See separate instructions.

OMB No. 1545-0123

**2011**

**A Check if:**
1a Consolidated return (attach Form 851) ☐
b Life/nonlife consolidated return ☐
2 Personal holding co. (attach Sch. PH) ☐
3 Personal service corp. (see instructions) ☐
4 Schedule M-3 attached ☐

**TYPE OR PRINT**

Name: **Islamic Communication Network, Inc.**

Number, street, and room or suite no. If a P.O. box, see instructions.
**2451 N. 19th Street**

City or town, state, and ZIP code
**Philadelphia, Pa. 19132-4304**

**B Employer identification number**

**C Date incorporated** 1986

**D Total assets (see Instructions)** $ 200,000 00

**E Check if:** (1) ☐ Initial return  (2) ☐ Final return  (3) ☐ Name change  (4) ☐ Address change

| | | | | |
|---|---|---|---|---|
| **Income** | 1a | Merchant card and third-party payments. For 2011, enter -0- | 1a | 0 |
| | b | Gross receipts or sales not reported on line 1a (see instructions) | 1b | 18,500 00 |
| | c | Total. Add lines 1a and 1b | 1c | 18,500 00 |
| | d | Returns and allowances plus any other adjustments (see instructions) | 1d | 0 |
| | e | Subtract line 1d from line 1c | 1e | 18,500 00 |
| | 2 | Cost of goods sold from Form 1125-A, line 8 (attach Form 1125-A) | 2 | 0 |
| | 3 | Gross profit. Subtract line 2 from line 1e | 3 | 18,500 00 |
| | 4 | Dividends (Schedule C, line 19) | 4 | 0 |
| | 5 | Interest | 5 | 0 |
| | 6 | Gross rents | 6 | 0 |
| | 7 | Gross royalties | 7 | 30,000 00 |
| | 8 | Capital gain net income (attach Schedule D (Form 1120)) | 8 | 0 |
| | 9 | Net gain or (loss) from Form 4797, Part II, line 17 (attach Form 4797) | 9 | 0 |
| | 10 | Other income (see instructions—attach schedule) | 10 | 0 |
| | 11 | **Total income.** Add lines 3 through 10 ► | 11 | 48,500 00 |
| **Deductions (See instructions for limitations on deductions.)** | 12 | Compensation of officers from Form 1125-E, line 4 (attach Form 1125-E) ► | 12 | 27,000 00 |
| | 13 | Salaries and wages (less employment credits) | 13 | 6,700 00 |
| | 14 | Repairs and maintenance | 14 | 0 |
| | 15 | Bad debts | 15 | 0 |
| | 16 | Rents | 16 | 3,500 00 |
| | 17 | Taxes and licenses | 17 | 0 |
| | 18 | Interest | 18 | 0 |
| | 19 | Charitable contributions | 19 | 1,200 00 |
| | 20 | Depreciation from Form 4562 not claimed on Form 1125-A or elsewhere on return (attach Form 4562) | 20 | 0 |
| | 21 | Depletion | 21 | 0 |
| | 22 | Advertising | 22 | 3,500 0 |
| | 23 | Pension, profit-sharing, etc., plans | 23 | 0 |
| | 24 | Employee benefit programs | 24 | 0 |
| | 25 | Domestic production activities deduction (attach Form 8903) | 25 | 0 |
| | 26 | Other deductions (attach schedule) | 26 | 2,500 00 |
| | 27 | **Total deductions.** Add lines 12 through 26 ► | 27 | 44,400 00 |
| | 28 | Taxable income before net operating loss deduction and special deductions. Subtract line 27 from line 11 | 28 | 4,100 00 |
| | 29a | Net operating loss deduction (see instructions) | 29a | 0 |
| | b | Special deductions (Schedule C, line 20) | 29b | 0 |
| | c | Add lines 29a and 29b | 29c | 0 |
| **Tax, Refundable Credits, and Payments** | 30 | **Taxable income.** Subtract line 29c from line 28 (see instructions) | 30 | 4,100 00 |
| | 31 | Total tax (Schedule J, Part I, line 11) | 31 | 615 00 |
| | 32 | Total payments and refundable credits (Schedule J, Part II, line 21) | 32 | 0 |
| | 33 | Estimated tax penalty (see instructions). Check if Form 2220 is attached ► ☐ | 33 | 0 |
| | 34 | **Amount owed.** If line 32 is smaller than the total of lines 31 and 33, enter amount owed | 34 | 615 00 |
| | 35 | **Overpayment.** If line 32 is larger than the total of lines 31 and 33, enter amount overpaid | 35 | 0 |
| | 36 | Enter amount from line 35 you want: **Credited to 2012 estimated tax** ► _____ Refunded ► | 36 | 0 |

**Sign Here**

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

Signature of officer: _W.L...S. ___ Date: 12-7-2012  Title: PRESIDENT / CEO

May the IRS discuss this return with the preparer shown below (see instructions)? ☐ Yes ☐ No

**Paid Preparer Use Only**

Print/Type preparer's name | Preparer's signature | Date | Check ☐ if self-employed | PTIN
Firm's name ► | | Firm's EIN ►
Firm's address ► | | Phone no.

For Paperwork Reduction Act Notice, see separate instructions.    Cat. No. 11450Q    Form **1120** (2011)

# Exhibit # 23

Case ID: 160903124

Form 1120 (2011)

Page **2**

| Schedule C | Dividends and Special Deductions (see instructions) | (a) Dividends received | (b) % | (c) Special deductions (a) × (b) |
|---|---|---|---|---|
| 1 | Dividends from less-than-20%-owned domestic corporations (other than debt-financed stock) | 0 | 70 | 0 |
| 2 | Dividends from 20%-or-more-owned domestic corporations (other than debt-financed stock) | | 80 | |
| 3 | Dividends on debt-financed stock of domestic and foreign corporations | | see instructions | |
| 4 | Dividends on certain preferred stock of less-than-20%-owned public utilities | | 42 | |
| 5 | Dividends on certain preferred stock of 20%-or-more-owned public utilities | | 48 | |
| 6 | Dividends from less-than-20%-owned foreign corporations and certain FSCs | | 70 | |
| 7 | Dividends from 20%-or-more-owned foreign corporations and certain FSCs | | 80 | |
| 8 | Dividends from wholly owned foreign subsidiaries | | 100 | |
| 9 | **Total.** Add lines 1 through 8. See instructions for limitation | | | 0 |
| 10 | Dividends from domestic corporations received by a small business investment company operating under the Small Business Investment Act of 1958 | 0 | 100 | 0 |
| 11 | Dividends from affiliated group members | 0 | 100 | 0 |
| 12 | Dividends from certain FSCs | 0 | 100 | 0 |
| 13 | Dividends from foreign corporations not included on lines 3, 6, 7, 8, 11, or 12 | 0 | | |
| 14 | Income from controlled foreign corporations under subpart F (attach Form(s) 5471) | 0 | | |
| 15 | Foreign dividend gross-up | 0 | | |
| 16 | IC-DISC and former DISC dividends not included on lines 1, 2, or 3 | 0 | | |
| 17 | Other dividends | 0 | | |
| 18 | Deduction for dividends paid on certain preferred stock of public utilities | | | 0 |
| 19 | **Total dividends.** Add lines 1 through 17. Enter here and on page 1, line 4 ▶ | 0 | | |
| 20 | **Total special deductions.** Add lines 9, 10, 11, 12, and 18. Enter here and on page 1, line 29b ▶ | | | 0 |

Form **1120** (2011)

Exhibit # 24

Case ID: 160903124

Form 1120 (2011)

Page **3**

## Schedule J — Tax Computation and Payment (see instructions)

### Part I–Tax Computation

| | | | | |
|---|---|---|---|---|
| 1 | Check if the corporation is a member of a controlled group (attach Schedule O (Form 1120)) ▶ ☐ | | | |
| 2 | Income tax. Check if a qualified personal service corporation (see instructions) ▶ ☐ | **2** | 615 | 00 |
| 3 | Alternative minimum tax (attach Form 4626) | **3** | | 0 |
| 4 | Add lines 2 and 3 | **4** | 615 | 00 |
| 5a | Foreign tax credit (attach Form 1118) — 5a | 0 | | |
| b | Credit from Form 8834, line 30 (attach Form 8834) — 5b | 0 | | |
| c | General business credit (attach Form 3800) — 5c | 0 | | |
| d | Credit for prior year minimum tax (attach Form 8827) — 5d | 0 | | |
| e | Bond credits from Form 8912 — 5e | 0 | | |
| 6 | Total credits. Add lines 5a through 5e | **6** | | 0 |
| 7 | Subtract line 6 from line 4 | **7** | 615 | 00 |
| 8 | Personal holding company tax (attach Schedule PH (Form 1120)) | **8** | | 0 |
| 9a | Recapture of investment credit (attach Form 4255) — 9a | 0 | | |
| b | Recapture of low-income housing credit (attach Form 8611) — 9b | 0 | | |
| c | Interest due under the look-back method—completed long-term contracts (attach Form 8697) — 9c | 0 | | |
| d | Interest due under the look-back method—income forecast method (attach Form 8866) — 9d | 0 | | |
| e | Alternative tax on qualifying shipping activities (attach Form 8902) — 9e | 0 | | |
| f | Other (see instructions—attach schedule) — 9f | 0 | | |
| 10 | Total. Add lines 9a through 9f | **10** | | 0 |
| 11 | Total tax. Add lines 7, 8, and 10. Enter here and on page 1, line 31 | **11** | 615 | 00 |

### Part II–Payments and Refundable Credits

| | | | | |
|---|---|---|---|---|
| 12 | 2010 overpayment credited to 2011 | **12** | | 0 |
| 13 | 2011 estimated tax payments | **13** | | 0 |
| 14 | 2011 refund applied for on Form 4466 | **14** | ( | 0 ) |
| 15 | Combine lines 12, 13, and 14 | **15** | | 0 |
| 16 | Tax deposited with Form 7004 | **16** | | 0 |
| 17 | Withholding (see instructions) | **17** | | 0 |
| 18 | Total payments. Add lines 15, 16, and 17 | **18** | | 0 |
| 19 | Refundable credits from: | | | |
| a | Form 2439 — 19a | 0 | | |
| b | Form 4136 — 19b | 0 | | |
| c | Form 3800, line 17c and Form 8827, line 8c — 19c | 0 | | |
| d | Other (attach schedule—see instructions) — 19d | 0 | | |
| 20 | Total credits. Add lines 19a through 19d | **20** | | 0 |
| 21 | Total payments and credits. Add lines 18 and 20. Enter here and on page 1, line 32 | **21** | | 0 |

### Schedule K — Other Information (see instructions)

| | | Yes | No |
|---|---|---|---|
| 1 | Check accounting method: **a** ☑ Cash   **b** ☐ Accrual   **c** ☐ Other (specify) ▶ _____ | | |
| 2 | See the instructions and enter the: | | |
| a | Business activity code no. ▶ _____ | | |
| b | Business activity ▶ 1510 | | |
| c | Product or service ▶ 1510 | | ✓ |
| 3 | Is the corporation a subsidiary in an affiliated group or a parent-subsidiary controlled group? | | ✓ |
| | If "Yes," enter name and EIN of the parent corporation ▶ _____ | | |
| 4 | At the end of the tax year: | | |
| a | Did any foreign or domestic corporation, partnership (including any entity treated as a partnership), trust, or tax-exempt organization own directly 20% or more, or own, directly or indirectly, 50% or more of the total voting power of all classes of the corporation's stock entitled to vote? If "Yes," complete Part I of Schedule G (Form 1120) (attach Schedule G) | | ✓ |
| b | Did any individual or estate own directly 20% or more, or own, directly or indirectly, 50% or more of the total voting power of all classes of the corporation's stock entitled to vote? If "Yes," complete Part II of Schedule G (Form 1120) (attach Schedule G) | | ✓ |

Form **1120** (2011)

Exhibit # 25

Case ID: 160903124

Form 1120 (2011)                                                                                    Page **4**

| Schedule K | Other Information *continued* (see instructions) | | Yes | No |

5   At the end of the tax year, did the corporation:

a   Own directly 20% or more, or own, directly or indirectly, 50% or more of the total voting power of all classes of stock entitled to vote of any foreign or domestic corporation not included on **Form 851**, Affiliations Schedule? For rules of constructive ownership, see instructions. If "Yes," complete (i) through (iv) below.   ✓

| (i) Name of Corporation | (ii) Employer Identification Number (if any) | (iii) Country of Incorporation | (iv) Percentage Owned in Voting Stock |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

b   Own directly an interest of 20% or more, or own, directly or indirectly, an interest of 50% or more in any foreign or domestic partnership (including an entity treated as a partnership) or in the beneficial interest of a trust? For rules of constructive ownership, see instructions. If "Yes," complete (i) through (iv) below.   ✓

| (i) Name of Entity | (ii) Employer Identification Number (if any) | (iii) Country of Organization | (iv) Maximum Percentage Owned in Profit, Loss, or Capital |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

6   During this tax year, did the corporation pay dividends (other than stock dividends and distributions in exchange for stock) in excess of the corporation's current and accumulated earnings and profits? (See sections 301 and 316.)   ✓
If "Yes," file **Form 5452**, Corporate Report of Nondividend Distributions.
If this is a consolidated return, answer here for the parent corporation and on Form 851 for each subsidiary.

7   At any time during the tax year, did one foreign person own, directly or indirectly, at least 25% of **(a)** the total voting power of all classes of the corporation's stock entitled to vote or **(b)** the total value of all classes of the corporation's stock?   ✓
For rules of attribution, see section 318. If "Yes," enter:
(i) Percentage owned ▶ _____   and (ii) Owner's country ▶ _____
(c) The corporation may have to file **Form 5472**, Information Return of a 25% Foreign-Owned U.S. Corporation or a Foreign Corporation Engaged in a U.S. Trade or Business. Enter the number of Forms 5472 attached ▶ _____

8   Check this box if the corporation issued publicly offered debt instruments with original issue discount   ▶ ☐
If checked, the corporation may have to file **Form 8281**, Information Return for Publicly Offered Original Issue Discount Instruments.

9   Enter the amount of tax-exempt interest received or accrued during the tax year ▶ $ _____

10  Enter the number of shareholders at the end of the tax year (if 100 or fewer) ▶ _____

11  If the corporation has an NOL for the tax year and is electing to forego the carryback period, check here   ▶ ☐
If the corporation is filing a consolidated return, the statement required by Regulations section 1.1502-21(b)(3) must be attached or the election will not be valid.

12  Enter the available NOL carryover from prior tax years (do not reduce it by any deduction on line 29a.) ▶ $ _____

13  Are the corporation's total receipts (line 1c plus lines 4 through 10 on page 1) for the tax year **and** its total assets at the end of the tax year less than $250,000?   ✓
If "Yes," the corporation is not required to complete Schedules L, M-1, and M-2 on page 5. Instead, enter the total amount of cash distributions and the book value of property distributions (other than cash) made during the tax year. ▶ $ _____

14  Is the corporation required to file Schedule UTP (Form 1120), Uncertain Tax Position Statement (see instructions)?   ✓
If "Yes," complete and attach Schedule UTP.

15a Did the corporation make any payments in 2011 that would require it to file Form(s) 1099 (see instructions)?   ✓
b   If "Yes," did or will the corporation file all required Forms 1099?

Form **1120** (2011)

# Exhibit # 26

Case ID: 160903124

Form 1120 (2011)                                                                                         Page **5**

| Schedule L | **Balance Sheets per Books** | Beginning of tax year | | End of tax year | |
|---|---|---|---|---|---|
| | Assets | (a) | (b) | (c) | (d) |
| 1 | Cash | | | | |
| 2a | Trade notes and accounts receivable | | | | |
| b | Less allowance for bad debts | ( ) | | ( ) | |
| 3 | Inventories | | | | |
| 4 | U.S. government obligations | | | | |
| 5 | Tax-exempt securities (see instructions) | | | | |
| 6 | Other current assets (attach schedule) | | | | |
| 7 | Loans to shareholders | | | | |
| 8 | Mortgage and real estate loans | | | | |
| 9 | Other investments (attach schedule) | | | | |
| 10a | Buildings and other depreciable assets | | | | |
| b | Less accumulated depreciation | ( ) | | ( ) | |
| 11a | Depletable assets | | | | |
| b | Less accumulated depletion | ( ) | | ( ) | |
| 12 | Land (net of any amortization) | | | | |
| 13a | Intangible assets (amortizable only) | | | | |
| b | Less accumulated amortization | ( ) | | ( ) | |
| 14 | Other assets (attach schedule) | | | | |
| 15 | Total assets | | | | |
| | **Liabilities and Shareholders' Equity** | | | | |
| 16 | Accounts payable | | | | |
| 17 | Mortgages, notes, bonds payable in less than 1 year | | | | |
| 18 | Other current liabilities (attach schedule) | | | | |
| 19 | Loans from shareholders | | | | |
| 20 | Mortgages, notes, bonds payable in 1 year or more | | | | |
| 21 | Other liabilities (attach schedule) | | | | |
| 22 | Capital stock:   a Preferred stock | | | | |
| | b Common stock | | | | |
| 23 | Additional paid-in capital | | | | |
| 24 | Retained earnings—Appropriated (attach schedule) | | | | |
| 25 | Retained earnings—Unappropriated | | | | |
| 26 | Adjustments to shareholders' equity (attach schedule) | | | | |
| 27 | Less cost of treasury stock | | ( ) | | ( ) |
| 28 | Total liabilities and shareholders' equity | | | | |

| Schedule M-1 | **Reconciliation of Income (Loss) per Books With Income per Return** |
|---|---|
| | **Note:** Schedule M-3 required instead of Schedule M-1 if total assets are $10 million or more—see instructions |

| 1 | Net income (loss) per books | | 7 | Income recorded on books this year not included on this return (itemize): | |
| 2 | Federal income tax per books | | | | |
| 3 | Excess of capital losses over capital gains | | | Tax-exempt interest  $ _____ | |
| 4 | Income subject to tax not recorded on books this year (itemize): _____ | | | | |
| | | | 8 | Deductions on this return not charged against book income this year (itemize): | |
| 5 | Expenses recorded on books this year not deducted on this return (itemize): | | a | Depreciation  $ _____ | |
| a | Depreciation  $ _____ | | b | Charitable contributions $ _____ | |
| b | Charitable contributions  $ _____ | | | | |
| c | Travel and entertainment .  $ _____ | | | | |
| | | | 9 | Add lines 7 and 8 | |
| 6 | Add lines 1 through 5 | | 10 | Income (page 1, line 28)—line 6 less line 9 | |

| Schedule M-2 | **Analysis of Unappropriated Retained Earnings per Books (Line 25, Schedule L)** |
|---|---|

| 1 | Balance at beginning of year | | 5 | Distributions:  a Cash | |
| 2 | Net income (loss) per books | | | b Stock | |
| 3 | Other increases (itemize): _____ | | | c Property | |
| | _____ | | 6 | Other decreases (itemize): _____ | |
| | | | 7 | Add lines 5 and 6 | |
| 4 | Add lines 1, 2, and 3 | | 8 | Balance at end of year (line 4 less line 7) | |

Form **1120** (2011)

# Exhibit # 27

| Line 26 - Schedule (2011) |
| --- |

Overall Company's Cost:

| | |
| --- | --- |
| •Office Equipment & Supplies | $360.00 |
| •Phone & Internet Services | $1,200.00 |
| •Postage | $120.00 |
| •Misc. Expenses | $230.00 |
| •Transportation | $590.00 |
| | |
| Total Expenses: | $2,500.00 |

# Exhibit # 28

Case ID: 160903124

3/28/13                                    Outlook Print Message

## Automatic reply: Loan Proposal

Filed and Attested by the
Office of Judicial Records
27 SEP 2016 01:16 pm
E. EDWARDS

From: **Davids, Justin** (justin.davids@bankofamerica.com)    This sender is in your contact list

Sent:  Fri 12/28/12 3:15 PM

To      Waliyyuddin Abdullah (waliyyuddin@hotmail.com)

I am out the office on December 22nd - January 1st.  If urgent, please call my cell phone at 267.644.6632 and I will respond as soon as possible.

*For immediate customer service needs, dial 1.888.BUSINESS*

# Exhibit # 29

Case ID: 160903124

Page 1 of 1

## WBQI fm

From:      "WBQI fm" <wbqifm@hotmail.com>
Date:      Tuesday, June 24, 2014 3:09 PM
To:        <justin.davids@bankofamerica.com>
Attach:    PROJECT SEEDLING OUTLINE.pdf
Subject:   Project Seedling Loan Request

Mr. Davids:

I have a non-profit corporation that is just three years old. I have business experience from my profit corporation of over 28 years. The FCC has granted my non-profit corporation a permit to build a Low Power FM Radio Station in Delaware. I am looking for financing ($125,000.00) to help build this station. I have attached a copy of this Project, Project Seedling, to this e-mail. Would you look this outline over and if it is something that your bank can work with, would you please contact me.

Sincerely;

Mr. Abdullah

# Exhibit # 30

Case ID: 160903124

**veri on**

Print

Subject **Loan Request**
From: <islamiccomm.network@verizon.net>
Sent:  Aug 4, 2014 08:59:44 AM
To:    justin.davids@bankofamerica.com

Mr. Davids:

Here is the information I was talking about.

Waliyyuddin S. Abdullah

# Exhibit # 31

Case ID: 160903124



Print

**Subject Initial information for SBA Loan review**

From:  <Brendan.Mcmoran@wellsfargo.com>

Sent:   Sep 4, 2013 11:30:11 AM

To:     islamiccomm.network@verizon.net

CC:     walker.dugan@wellsfargo.com

Hi Mr. Abdullah,

It was great speaking with you this morning and hearing about the project. Below is the list of initial information I mention on the call. Once I receive all of these items I will run my cash flow analysis prepare a Proposal of Loan terms.
If you have any questions, please feel free to call or email me.

Information Required for ALL SBA Loan Prequalification Requests:
1. Applicant's Personal Tax Returns for last 3 years. (Anyone that will be greater than 20% owner)
2. Applicant's Personal Financial Statement (Please use SBA form attached).
3. Applicant's Statement of Personal History (SBA form 912) – use form attached.
4. Current Income Statement & Balance Sheet for Business through 6/30/13.
5. Tax Returns for Last 3 Years for the Business.
6. Business Debt Schedule – use form attached.

Regards,
Brendan


**Brendan McMoran**
Business Development Officer

Wells Fargo SBA Lending | 2240 Butler Pike | Plymouth Meeting PA 19462
MAC Y1466-017
Tel 610-397-2564 | Cell 610-312-8727 | Fax 866-665-9122

brendan.mcmoran@wellsfargo.com

This message may contain confidential and/or privileged information. If you are not the addressee or authorized to receive this for the addressee, you must not use, copy, disclose, or take any action based on this message or any information herein. If you have received this message in error, please advise the sender immediately by reply e-mail and delete this message. Thank you for your cooperation.

**WELLS FARGO**

**Walker Dugan**
Personal Banker
NMLSR ID: 770137

Centre Square
MAC Y1357-010
1500 Market Street
Philadelphia, PA 19102
Tel: 215 973 3151
Fax: 215 736 5979

walker.dugan@wellsfargo.com

Wells Fargo Bank, N.A.

# Exhibit # 32

https://netmail.verizon.net/webmail/driver?nimlet=deggetemail&fn=INBOX&page=2&deg...    9/4/2013

Case ID: 160903124

verizon

Print

Subject **Completed Information for SBA Loan Review**

From: <islamiccomm.network@verizon.net>

Sent: **Sep 9, 2013 08:13:08 AM**

To: brendan.mcmoran@wellsfargo.com

CC: walker.dugan@wellsfargo.com

Hello Brendan:

Here is the completed information that you asked for for my loan review. Also, in talking with you last week, I forgot to mention that I was aslo looking to borrow some money to purchase the printing equipment, printing supplies, office and relate business equipment. The full breakdown of my requested loan amount is as follows: (1) $350,000.00 to purchase property, (2) $75,000.00 renovation cost and (3) $75,000.00 for printing and all related business equipment.

You will also note thtat my attached business debt schedule is empty. That is because I do not have any business debt at this time.

Waliyyuddin S. Abdullah

# Exhibit # 33

Case ID: 160903124

veri on

Print

Subject **Raising Capital**

From: <islamiccomm.network@verizon.net>

Sent: **Sep 28, 2013 12:06:53 PM**

To: brendan.mcmoran@wellsfargo.com

CC: walker.dugan@wellsfargo.com

Hello Brendan:

I am working on a plan to sell stock in my company. I hope to raise all of the funds needed to go forward with the business loan that I am requesting from your bank. I will have my first initial public offering within 30 days, for the sale of my stock. After this first public offering, I will be contacting you again.

Waliyyuddin S. Abdullah

# Exhibit # 34

Case ID: 160903124

veri on

Print

Subject **Further Work**
From:   <islamiccomm.network@verizon.net>
Sent:   **Nov 4, 2013 06:49:08 AM**
To:     brendan.mcmoran@wellsfargo.com
CC:     walker.dugan@wellsfargo.com

Hello Brendan:

I just wanted to let you know that you have helped my understanding about what I need to do to move my business forward. I was given the wrong information and I had the wrong impression about business bank loans. You have corrected those mistakes. When I have the cash flow to support my loan request then, you will be hearing form me again. Again, thanks for the good, sound and honest business advice.

Waliyyuddin S. Abdullah

# Exhibit # 35

Case ID: 160903124

veri on

Print

**Subject New Loan Request**
From:  <islamiccomm.network@verizon.net>
Sent:  **Dec 9, 2013 10:47:34 AM**
To:    brendan.mcmoran@wellsfargo.com
CC:    walker.dugan@wellsfargo.com

Hello Brendan:

I fully understand why I did not quality for that first loan amount of $500,000.00. Now I would like to request a business loan of just $25,000.00, still under the Patroit Express program of the SBA. Would you send me the forms needed for appying for this loan.

Thanks;

Waliyyuddin S. Abdullah

# Exhibit # 36

Case ID: 160903124

verizon

Print

Subject **Loan Request**

From: <islamiccomm.network@verizon.net>

Sent:    Aug 6, 2014 02:03:36 PM

To:    brendan.mcmoran@wellsfargo.com

CC:    walker.dugan@wellsfargo.com

Mr. McMooran:

I am still in need of a business loan. Would you provide me with the information that I need in order to apply for a business loan.

Sincerely:

Waliyyuddin S. Abdullah

# Exhibit # 37

Case ID: 160903124

FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
COURT OF COMMON PLEAS OF PHILADELPHIA

*Filed and Attested by the
Office of Judicial Records
27 SEP 2016 01:16 pm
K. EDWARDS*

Waliyyuddin S. Abdullah

V.

Civil Action No.

Mr. Justin Davids, Ms. Katlin Elwood,
Bank of America Financial Center,
Mr. Brendan McMoran, His Branch Manager and
His Wells Fargo Bank Branch

## NOTICE TO DEFEND

<table>
<tr><td>

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*

**Philadelphia Bar Association
Lawyer Referral
and Information Service
One Reading Center
Philadelphia, Pennsylvania  19107
(215) 238-6333
TTY (215) 451-6197**

</td><td>

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decider a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

*Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*

**Asociacion De Licenciados
De Filadelfia
Servicio De Referencia E
Informacion Legal
One Reading Center
Filadelfia, Pennsylvania  19107
(215) 238-6333
TTY (215) 451-6197**

</td></tr>
</table>

10-284

Case ID: 160903124

# PHILADELPHIA COURT OF COMMON PLEAS
## PETITION/MOTION COVER SHEET

**CONTROL NUMBER:**

16093611

*(RESPONDING PARTIES MUST INCLUDE THIS NUMBER ON ALL FILINGS)*

| FOR COURT USE ONLY | |
|---|---|
| ASSIGNED TO JUDGE: | ANSWER/RESPONSE DATE: 10/07/2016 |

*Do not send Judge courtesy copy of Petition/Motion/Answer/Response. Status may be obtained online at http://courts.phila.gov*

September ___ Term, 2016
*Month*    *Year*
No. _____ 03124

ABDULLAH VS DAVIDS ETAL

Name of Filing Party:
WALIYYUDDIN S ABDULLAH-PLF

**INDICATE NATURE OF DOCUMENT FILED:**
☐ Petition *(Attach Rule to Show Cause)* ☒ Motion
☐ Answer to Petition   ☐ Response to Motion

Has another petition/motion been decided in this case? ☐ Yes ☐ No
Is another petition/motion pending? ☐ Yes ☐ No
*If the answer to either question is yes, you must identify the judge(s):*

| TYPE OF PETITION/MOTION *(see list on reverse side)* | PETITION/MOTION CODE *(see list on reverse side)* |
|---|---|
| MOT-PROCEED IN FORMA PAUPERIS | MTIFP |

ANSWER / RESPONSE FILED TO (Please insert the title of the corresponding petition/motion to which you are responding):

**I. CASE PROGRAM**

OTHER PROGRAM

Court Type: MAJOR JURY
Case Type: BAD FAITH

**II. PARTIES** *(required for proof of service)*
(Name, address and **telephone number** of all counsel of record and unrepresented parties. Attach a stamped addressed envelope for each attorney of record and unrepresented party.)

WALIYYUDDIN S ABDULLAH
  2451 N. 19TH STREET , PHILADELPHIA PA 19132
JUSTIN DAVIDS
  2237 ALBRIGHT AVE , ABINGTON PA 19001-3201
KATLIN ELWOOD
  932 CHESTNUT STREET , PHILADELPHIA PA 19107-5008
BANK OF AMERICA FINANCIAL CENTER
  932 CHESTNUT STREET , PHILADELPHIA PA 19107-5008
BRENDAN MCMORAN
  1024 BAILEY DR. , PHOENIXVILLE PA 19460-3597
BRANCH MANAGER
  2240 BUTLER PIKE , PLYMOUTH MEETING PA 19462-1424

**III. OTHER**

By filing this document and signing below, the moving party certifies that this motion, petition, answer or response along with all documents filed, will be served upon all counsel and unrepresented parties as required by rules of Court (see PA. R.C.P. 206.6, Note to 208.2(a), and 440). Furthermore, moving party verifies that the answers made herein are true and correct and understands that sanctions may be imposed for inaccurate or incomplete answers.

September 27, 2016    WALIYYUDDIN S. ABDULLAH

*(Attorney Signature/Unrepresented Party)*    *(Date)*    *(Print Name)*    *(Attorney I.D. No.)*

**The Petition, Motion and Answer or Response, if any, will be forwarded to the Court after the Answer/Response Date. No extension of the Answer/Response Date will be granted even if the parties so stipulate.**

30-1061B E-File# 1609058468
27-SEP-16 14:02:06

WELLS FARGO BANK BRANCH
  2240 BUTLER PIKE , PLYMOUTH MEETING
  PA 19462-1424



## First Judicial District of Pennsylvania
### Court of Common Pleas of Philadelphia County
### Civil Trial Division

ABDULLAH VS DAVIDS ETAL

SEPTEMBER Term, 2016

No. 03124

## *In Forma Pauperis Order*

AND NOW, this _____ day of _____, 20_____, it is hereby **ORDERED** and **DECREED** that:

**1.** Petitioner be permitted to proceed without paying the costs of this proceeding or posting bond.

**2.** Petitioner be permitted to obtain service of the papers filed without cost.

**3.** Petitioner be permitted to proceed *in forma pauperis* as to any additional costs which accrue in the course of this proceeding.

**4.** If there is a monetary recovery by judgment or settlement in favor of the party permitted to proceed *in forma pauperis*, the exonerated fees and costs shall be taxed as costs and paid to the Office of Judicial Records by the party paying the monetary recovery.

**5.** Petitioner has a continuing obligation to inform the Court of any improvement in party's financial circumstances that will enable the party to pay costs.

**6.** Filing party must appear and obtain attested copies of the original pleading for service. If more than thirty (30) days has expired, the pleading must be reinstated first.

**BY THE COURT:**

_____

J.

\\zdraifp 12/24/2015 #1609058468

# First Judicial District of Pennsylvania
## Court of Common Pleas of Philadelphia County
### Trial Division - Civil

WALIYYUDDIN S. ABDULLAH _, pro se_

(your name)

2451 N. 19TH STREET
PHILADELPHIA PA 19132

_____

(full address)

_____

(area code and telephone number)

---

ABDULLAH VS DAVIDS ETAL

SEPTEMBER ,TERM, 2016

No. 03124

---

### _Petition to Proceed In Forma Pauperis_
### <u>_and Without Payment of Bond_</u>

## TO THE HONORABLE, THE JUDGES OF SAID COURT:

Petitioner, (your name) _____ WALIYYUDDIN S. ABDULLAH _____, seeks

_(please print your name)_

leave to proceed in this matter in forma pauperis, and respectfully represents that:

1. I am the _**Pro Se Filer**_ in these proceedings.
2. I reside at (state your full address) _____ 2451 N. 19TH STREET _____

_____

_____

3. I have listed my sources and amounts of income truly and correctly on the attached affidavit.

1 of 8

\\zdraifp 12/24/2015 #1609058468

4. I have the following average monthly expenses for the indicated items:

Housing: $200.00                          Insurance: $145.00

Utilities                                 Transportation: $250.00

  (Gas): $150.00                          Medical: $0.00

  (Oil): $0.00                            Loans: $0.00

  (Electric): $75.00                      Laundry: $0.00

  (Phone): $100.00                        Child Care: $0.00

Food: $200.00                             Child Support: $0.00

Clothing: $150.00                         Other: 0

5. I neither own nor have equity in any assets other than the following (*values in dollar amounts*): Bilalian's Qur'anic Institute and Islamic Communication Net

6. I am unable to pay the costs of these proceedings or to obtain the amount of costs from family or friends.

   **WHEREFORE**, Petitioner prays that he/she be permitted to proceed in this matter *in forma pauperis* and without the payment of bond.

WALIYYUDDIN S. ABDULLAH
**Petitioner**       *(Print your name)*


**Petitioner**       *(Sign your name)*

2 of 8

\\zdraifp 12/24/2015 #1609058468

# First Judicial District of Pennsylvania
## Court of Common Pleas of Philadelphia County
### Civil Trial Division

WALIYYUDDIN S. ABDULLAH _____ , *pro se*
(your name)

2451 N. 19TH STREET
PHILADELPHIA PA 19132

(full address)

(area code and telephone number)

ABDULLAH VS DAVIDS ETAL

SEPTEMBER _____ ,TERM, ___2016___

No. ___03124___

## Petitioner's Affidavit
## Pursuant to PA. R.C.P. 240

*COMMONWEALTH OF PENNSYLVANIA*                    *SS*

*COUNTY OF PHILADELPHIA*

1. I, _____ WALIYYUDDIN S. ABDULLAH _____ , am the *Pro Se Filer*

in the above matter and because of my financial condition am unable to pay the fees

and costs of prosecuting or defending the action or proceeding.

3 of 8

\\zdraifp 12/24/2015 #1609058468

2.  I am unable to obtain funds from anyone, including my family and associates, to pay
the costs of litigation.

3.  I represent that the information below relating to my ability to pay the fees and costs
is true and correct:

(a) Name: WALIYYUDDIN S. ABDULLAH

Address:           2451 N. 19TH STREET
                   PHILADELPHIA PA 19132

## (b)EMPLOYMENT
*If you are presently employed, stat:*
Employer : N/A

Address:

Salary/wages
Per Month:   $0.00

Type of Work:

## If you are presently unemployed, state:
Employer & date of last Employment: School District of Philadelph 30-JUN-2007

Salary/Wages
Per Month:   $2,400.00

Type of Work:  Teaching

## (c) OTHER INCOME WITHIN THE PAST TWELVE (12) MONTHS
  *(value as dollar amounts)*
Business or Profession:   $0.00

Other Self-employment:   $0.00

4 of 8

Interest:_$0.00

Dividends:_$0.00

Pension and Annuities:_$631.77

Social Security Benefits:_$0.00

Support Payments:_$0.00

Disability Payments:_$0.00

Unemployment Compensation &
Supplemental Benefits:_$0.00                    $0.00

Workmans' Compensation:_$0.00
Public Assistance:_$0.00

Other:_CCIS $400.00

## (d)OTHER CONTRIBUTIONS TO HOUSEHOLD SUPPORT (*value in dollar amounts*)

(              )
Name:_____

*If your (              ) is employed, state:*
Employer:_____

Salary/Wages Per Month:_$0.00

Type of Work:_____
Contributions From Children:_$0.00
Contributions From Parents:_$0.00

Other Contributions:_$0.00

## (e)PROPERTY OWNED (*state as dollar amounts*)

Cash:_$40.00

5 of 8

Checking Account: $60.00

Savings Account: $30.00

Certificates of Deposit: $0.00

Real Estate
(Including Home): $35,000.00

Motor Vehicle:  Make : Odyssey          Year : 2003

     Cost : $3,500.00     Amount Owed : $0.00

Stocks & Bonds: $0.00

Other: 0

(f) DEBTS AND OBLIGATIONS (*value as dollar amounts*)
 Mortgage: $20,000.00

 Rent: $0.00

 Loans: $18,000.00

 Other: $0.00

(g) PERSONS DEPENDENT UPON YOU FOR SUPPORT
 Enter Relationship, Name, Age

Wife, Zakia, 47, Children, ⬛⬛⬛, 18, ⬛⬛⬛⬛, 16 ⬛⬛⬛, 14, ⬛⬛⬛, 5 and ⬛⬛⬛, 3

\\zdraifp 12/24/2015 #1609058468

4.   I understand that I have a continuing obligation to inform the Court of improvement in my financial circumstances which would permit me to pay the costs incurred herein.

5.   I verify that the statements made in this affidavit are true and correct.  I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. §4904, relating to unsworn falsification to authorities.

Dated: _____27 SEP 2016_____

WALIYYUDDIN S. ABDULLAH
_____

*Petitioner*      *(Print your name)*

_____

*Petitioner*      *(Sign your name)*

## *VERIFICATION*

I, _____WALIYYUDDIN S. ABDULLAH_____, verify that the statements made in the foregoing Petition to

Proceed *In Forma Pauperis* are true and correct to the best of my knowledge, information and belief. I

understand that the statements made in this Petition to Proceed *In Forma Pauperis* are subject to the penalties

of 18 Pa. C.S.A. §4904 related to unsworn falsification to authorities.


Date:_____27 SEP 2016_____


BY:

_____WALIYYUDDIN S. ABDULLAH_____

Petitioner      (Print your name)


_____

Petitioner      (Sign your name)


8 of 8

\\zdraifp 12/24/2015 #1609058468

FIRST JUDICAL DISTRICT OF PENNSYLVANIA

COURT OF COMMON PLEAS OF PHILADELPHIA

Filed and Attested by the
Office of Judicial Records
03 OCT 2016 08:57 pm
K. EDWARDS

WALIYYUDDIN S. ABDULLAH                    CIVIL ACTION:

                    VS                          NO.    160903124

MR. JUSTIN DAVIDS, MS. KATLIN ELWOOD,

BANK OF AMERICA FINANCIAL CENTER

MR. BRENDAN McMORAN

MR. McMORAN'S BRANCH BANK MANAGER

MR. McMORAN'S BANK BRANCH                              CIVIL ACTION

CERTIFICATION OF SERVICE

   I, Waliyyuddin S. Abdullah, the plaintiff in the above Action, do hereby depose and say that within 5 days of the filing of this Civil Action, a true and correct copy of this case was served on the Defendants by First Class Mail at the following addresses:

Case ID: 160903124

Mr. Justin Davids resides at 2237 Albright Ave, Abington, Pa. 19001-3201

Ms. Katlin Elwood, no home address at this time, lawsuit will be sent to her bank branch.

Bank of America Financial Center Branch located at 932 Chestnut Street, Philadelphia, Pa. 19107-5008.

Mr. Brendan McMoran resides at 1024 Bailey Dr., Phoenixville, Pa. 19460-3597.

Mr. McMoran's Bank Branch Manager, to be identified and served at a later date, not Mr. Mohammed Parvez, be became the manager in 2015. The Branch Manager prior to Mr. Parvez is the manager being sued.

Wells Fargo bank Branch located at 2240 Butler Pike, Plymouth Meeting, Pa, 19462-1424.

October 3, 2016

_____

Waliyyuddin S. Abdullah

Case ID: 160903124



**First Judicial District of Pennsylvania**
Court of Common Pleas of Philadelphia County
Civil Trial Division

ABDULLAH VS DAVIDS ETAL                    SEPTEMBER Term, 2016

No. 03124

## *In Forma Pauperis Order*

AND NOW, this **7** day of ___October___, 20 **16**, it is hereby **ORDERED** and **DECREED** that:

**1.** Petitioner be permitted to proceed without paying the costs of this proceeding or posting bond.

**2.** Petitioner be permitted to obtain service of the papers filed without cost.

**3.** Petitioner be permitted to proceed *in forma pauperis* as to any additional costs which accrue in the course of this proceeding.

**4.** If there is a monetary recovery by judgment or settlement in favor of the party permitted to proceed *in forma pauperis*, the exonerated fees and costs shall be taxed as costs and paid to the Office of Judicial Records by the party paying the monetary recovery.

**5.** Petitioner has a continuing obligation to inform the Court of any improvement in party's financial circumstances that will enable the party to pay costs.

**6.** Filing party must appear and obtain attested copies of the original pleading for service. If more than thirty (30) days has expired, the pleading must be reinstated first.

Abdullah Vs Davids Etal-ORDER

16090312400010

BY THE COURT:

J.

\\zdralfp 12/24/2015 #1609058468

COPIES SENT PURSUANT TO Pa.R.C.P. 236(b) N. ERICKSON 10/07/2016

# EXHIBIT B

**FIRST JUDICAL DISTRICT OF PENNSYLVANIA**

**COURT OF COMMON PLEAS OF PHILADELPHIA**

*Filed and Attested by the Office of Judicial Records 23 FEB 2016 02:27 pm M. BRYANT*

WALIYYUDDIN S. ABDULLAH                          CIVIL ACTION

                    VS                           NO.

THE SMALL BUSINESS BANKING DEPARTMENT

OF THE BANK OF AMERICA &

THE SMALL BUSINESS BANKING DEPARTMENT

 OF WELLS FARGO BANK                             CIVIL ACTION

**COMPLAINT**

Case ID: 160203350

**PRELIMINARY STATEMENT**

From December 2012 through August 2014, I, the plaintiff, have repeatedly contacted the Bank of America and Wells Fargo's small business loan departments, for business loans to grow and expand my businesses. I informed both of these banks that I am a small business owner and that I am also a veteran, which qualified my businesses for preferential consideration, and that I wanted to apply for these loans under the Small Business Administration Patriot Express Pilot Loan Initiative, loan guarantee program.

From January 2013 through August 2014, each of these banks has consistently and without explanations refused me the right to even apply for a business loan. As a United States Citizen, I have every right to apply for a business loan. Our Constitution and Laws guarantee me the right to the full and equal benefits of these laws. One of these laws is the Small Business Administration guarantee loan programs.

A review of the Small Business Administration guidelines will show that I met their guidelines in 2013 and 2014. And, a review of these banks own web sites will show that I met the guidelines that they posted for the Small Business Administration loan guarantee programs. Yet, both of these banks have denied me my right to benefit from these programs.

The question before this Court is why have I been denied the **right to**, by these Defendants, **benefit** from my government's legislation?

Case ID: 160203350

## PLAINTIFF

I, Waliyyuddin S. Abdullah, am a natural citizen, of African – American heritage and descent, of the United States of America. I am also a veteran of the United States Army. I reside at 2451 N. 19th Street, Philadelphia, Penna. 19132-4304. My home address is also currently my business address. My home phone number is 215-223-3549. My personal e-mail address is: waliyyuddin@hotmail.com

My businesses names are the Islamic Communication Network, Inc and the Bilalian's Qur'anic Institute, Inc. The Islamic Communication Network, Inc was incorporated in the State of Pennsylvania in 1986. The Bilalian's Qur'anic Institute, Inc was incorporated in the State of Pennsylvania in 2012. The phone number for both of these businesses is 215-227-0640.   The Islamic Communication Network, Inc e-mail address is: islamiccomm.network@verizon.net. The Bilalian's Qur'anic Institute, Inc e-mail address is wbqifm@hotmail.com.

## DEFENDANTS

The Bank of America is a national bank with branches across the United States. I will file all legal papers, until further notice, with its branch office located at:

- Bank of America
  C/o Branch Manager
  932 Chestnut Street
  Philadelphia, Pa. 19107

Wells Fargo Bank is a national bank with branches across the United States. I will file all legal papers, until further notice, with its branch office located at:

- Wells Fargo Bank
  C/o Branch Manager
  2240 Butler Pike
  Plymouth Meeting, Pa. 19462
  215-229-3680

Case ID: 160203350

## CAUSE OF ACTION

I allege that these Defendants have violated the spirit and the letter of the law of the Pennsylvania Human Relations Act.

Case ID: 160203350

**ARGUMENT**

**Argument:  Against Bank of America:**

I contacted the Bank of America seeking a business loan. I was seeking this loan under the Small Business Administration (SBA) Guarantee Loan Program, a federal agency established, by federal law, to assist small businesses such as mine. I also informed the Bank that I was a veteran, and that there was an additional federal law that would benefit me in my application for a loan. This Bank has refused to honor my right to the benefits of these federal laws, that would improve the life of my family, my community and I, myself.

The following narrative narrates my inter-action with the Bank of America, to show that I have repeated attempted to exercise this legal right:

1.  On December 5, 2012, I went to the Bank of America's branch, located at Broad & Cecil B. Moore Avenue, in Philadelphia, seeking a small business loan. At this branch, I talked to one of the bank's employees. After taking my information, about how much I want to borrow, this employee told me that they do not handle business loans at this branch, but that she had sent, by computer, my information to their department that handles small business loans. She also gave me the name of the person that would contact me, a Mr. Justin Davids. She said that he would be contacting you within 24 to 48 hours.

2.  Mr. Davids called me, later on, that same day, and left a message for me, on my answering machine. I returned his call, the next day, on December 6, 2012. I explained to him, Mr. Davids, what I was looking for and that I wanted to apply under the Patriot Express Loan program. He told me that the bank only makes loans to businesses that have sales of $250,000.00 per year. I told him that I did not have sales at that level, but that I wanted to borrow the money so that I could expand my business, with the intent of increasing my sales. He said, "I'll send you the information that the bank required". He said that I could e-mail all the information back to him.

3.  I received an e-mail from Mr. Davis, on December 6, 2012, (see Exhibits #1 - #5).

4.  In this e-mail, he, Mr. Davids, detailed all the information that he said that the bank would need "in order (for me) to apply for a line of credit".

5.  I did not ask for a line of credit. Even thought this was not the information that I had requested from the bank, I nevertheless completed these forms.

Case ID: 160203350

6. On December 28, 2012, I e-mailed to Mr. Davids all of the information that he had requested, these completed forms, and I also included a Loan Proposal, reiterating my request of, seeking a business loan of $500,000.00 from the Bank of America, because I was not seeking a line of credit from the bank, (See Exhibits # 6 – 28).

7. On December 28, 2012, I received and instant automatic reply back from Mr. Davids office stating that he was away on vacation and that he would not be back until January 2., 2013. I interpreted this automatic message as proof that my information had been received by the right office, (See Exhibit # 29).

8. By January 6, 2013, I had not received a reply from Mr. Davids; so, I called him, on January 6, 2013, and left a message, on his cell phone voice message machine, asking him to let me know the status of my loan request and would he call me back.

9. Mr. Davids never returned my phone call and I was never told the status of my loan request, by Mr. Davids neither in person or by letter.

10. Not to be deterred, because of this lack of response from Mr. Davids, I contacted the Bank of America again in August of 2013.

11. On August 14, 2013, I, the plaintiff, had a face to face meeting with Mr. Davids and this is how it happened.

12. On August 9, 2013, I, the plaintiff, went to the Bank of America's branch office located at 16th & J.F.K. Blvd, in Philadelphia. I told the bank employee what I was looking for, a business loan. He told me that they did not do business loans in that office, but that he would see if he could schedule an appointment for me.

13. I told him that, Wednesday, August 14, 2013, at, 10: AM, was a good time for me. He put that information into the bank's computer system and told me that that time was fine and that you would be meeting with a Mr. Justin Davids, here at this branch on that date and time.

14. When I arrived at this bank branch on the date and time that I was schedule for a meeting with Mr. Davids, he was not there. I informed the bank's employee that I had a meeting here at 10: AM, with a Mr. Davids.

15. This employee checked on the bank's computer system and confirmed that I did have an appointment. He, this bank employee, called Mr. Davids to remind him of this meeting. Mr. Davids assured him that he would be there in about ten minutes.

16. Mr. Davids did arrived and we were allowed to have our scheduled meeting in one of the offices cubicles there, at that branch. We met for about twenty minutes, because he, Mr.

Case ID: 160203350

Davids, kept saying he had another meeting, and he even called that person to apology during our meeting and told him/her that he would be their shortly.

17. During our meeting, I told Mr. Davids about a new Project that I was working on and I was looking for how his bank could help me. I did not receive any kind of commitment for any kind of assistance at this meeting.

18. Instead, when our meeting ended, Mr. Davids gave me the name, address and phone number to the regional office of the Small Business Administration Lender Relationship Specialist, a Mr. John Xu, with the implied hint that he would help you better than he could.

19. Also, at this face to face meeting with Mr. Davids, there was no mentioning of a business having a sale volume of $250,000.00 in order to qualify for a loan form them.

20. I called Mr. Xu later on that same afternoon and I left a message on his answering machine. He returned my call within a matter of minutes. I told him what I was looking for and he was very helpful and informative. And he repeated something that I already knew, the banks' loan you the money; we just guarantee the loan.

21. I had not further contact with Mr. Davids for the balance of 2013, because he was not responses to my requests.

22. In 2014, I decided to try seeking a business loan from Bank of America again because one of my businesses, the Bilalian's Qur'anic Institute received a license from the FCC, Federal Communication Commission, to build and operate a low power FM station in the State of Delaware.

23. On June 24, 2014, I e-mailed Mr. Davids a Loan Proposal entitled "Project Seedling Outline". I was seeking a loan of $125,000.00 and that I was going to use this license, the property I was seeking to acquire and the radio broadcast equipment and studio they I was going to purchase as collateral for this loan, in addition to the SBA loan guarantee, (see Exhibit # 30).

24. As of the date of this filing, I have not received any type of response from Mr. Davids about this loan request for Project Seedling.

25. On August 4, 2014, at 9:50 AM, I called Mr. Davids.

26. He answered.

27. I talked to him about my need for another and different business loan and that I would e-mail him my information about this loan request. The loan proposal was called: Project Why Wait – Objectives & Goals".

28. I also told him, Mr. Davids, that I would, G_d willing, call him back tomorrow, after he had looked over my information, to see where we can go from there. I e-mailed Mr. Davids the Loan Request, (see Exhibit # 31).

Case ID: 160203350

29. On August 5, 2014, at 10:15 AM, I called Mr. Davids.

30. I got his, Mr. Davids, cell phone answering machine. I left a message on his phone asking him to contact me about the loan information that I had sent to him yesterday.

31. As of the date of this filing, I have not received any type of response from Mr. Davids about this loan proposal or any of my loan requests.

**Continued Argument:  Against Bank of America:**

A. Why have I been denied my legal right to apply for a business loan from the Bank of America?

B. What makes me different from the other business owners that the Bank of America has granted this legal right to?

C. According to the SBA Philadelphia District Loan Volume Report Fiscal Year 2013 (10/1/2012 to 9/30/2013), the Bank of America made 3 small business loans totaling $779,000.00, with the average loan being $259,667.00.

   a. The average loan issued by the Bank of America was not significantly far from my loan requests! Why did the Bank of America extended this legal right of borrowing to them, these three businesses, and not me?

   b. All three of these loans were guaranteed by the SBA. **They enjoyed the benefits of this federal law!**

   c. What other type of collateral was offered for security, for these loans, by these businesses?

   d. What makes me different from them? Did they contact the Bank of America in a different way than I did?

   e. Do they all have $250,000.00 in annual sales?

   f. What type of businesses are these?

Case ID: 160203350

g. How many loans have these businesses received from this bank in the past?

h. And if so then, what were the financial conditions of these businesses at the time of those loans?

i. How many of them are veteran own businesses?

j. How many employees do these businesses have?

  1. Mr. Davids asked me, during the last time he talked to me on his phone, how many employees I had.

k. How many of these loans are Patriot Loans?

l. What is the repayment status of each one of these loans?

D. According to the SBA Philadelphia District Loan Volume Report Fiscal Year 2014 (10/1/2013 to 6/30/2014), so far this year, the Bank of America has made another 3 small business loans totaling $215,000.00, with the average loan being $71,667.00.

  a. Here the Bank of America has granted this legal right of borrowing to another 3 businesses, with their loan services.

  b. **Another three businesses benefitting from federal law!**

  c. How many of these loans were made under the Patriot Loan program?

  d. What type of businesses are these?

  e. How many loans have these businesses received in the past from this bank?

  f. And if so then, what was the financial condition of those businesses at the time of their loans?

  g. Do they all have annual sales of at least $250,000.00

  h. How many employees does each business have?

  i. How many of them are veteran own businesses?

  j. What is the repayment status of each one of these loans?

Case ID: 160203350

E.  That is a total of six different businesses that this bank has granted their legal right of a loan, from the Bank of America loan department, during the same time period that I have been seeking a loan.

    a.  What is so inherently different between my businesses and these six businesses that this bank has refused to allow me to even apply for a business loan, which is my legal right?

    b.  Another way of looking at this question is, what do all of these, (these six), businesses have in common that I, my businesses, do not have? Do they have rights different from me?

F.  How many other businesses have applied for business loans but were denied by the Bank of America?

    a.  If there is this group, why were they denied?

    b.   Am I similar to this group, if it does exist, that has been denied loans, and if so how am I similar?

**Argument:  Against Wells Fargo Bank:**

I contacted Wells Fargo Bank seeking a business loan. I was seeking this loan under the Small Business Administration Guarantee Loan Program, a federal agency established, by federal law, to assist small businesses such as mine. I also informed the Bank that I was a veteran, and that there was an additional federal law that would benefit me in my application for a loan. This Bank has refused to honor my right to the benefits of federal laws that would improve the life of my family, my community and myself.

The following narrative narrates my inter-action with the Wells Fargo Bank, to show that I have repeated attempted to exercise this legal right:

1.  On December 5, 2012, I went to Wells Fargo's branch office located 2843 N. Broad Street, in Philadelphia, seeking a business loan. I talked to one of the employees there. After taking my information, about how much I wanted to borrow and what it was to be used for, this employee told me that they do not handle business loans at that branch. But, she said that I have sent your information, by computer, because she was typing as we were talking, to our department that handles small business loans. She said that someone would be contacting you within 24 to 48 hours.

Case ID: 160203350

2. She also mentioned that the bank only make loans to businesses that have sales volume of at least $250,000.00 in annual sales. I told her that I did not have that amount in annual sales. I told her that I wanted the loan so that I could increase my level of sales/business. Nevertheless, she forwarded my information to the bank's small loan department.

3. I never received any type of response from their small business department. I therefore tried again, in August of 2013.

4. In middle or late August 2013, I went to the Wells Fargo's branch office located at 1500 Market Street, in Philadelphia. I met with a Mr. Walker Dugan, a Personal Banker, at this branch office. I told him what I was looking for. He said that he would take my information and contact their small business loan department. He said he would be getting back to me.

5. After about a week, I had not heard anything from Mr. Dugan. After finally getting in touch with Mr. Dugan, he explained to me that he had been out for awhile and that is why he had not contacted me up to that point.

6. On September 4, 2013, Mr. Dugan arranged a three-way call between himself, Mr. Brendan McMoran, Business Development Officer, for Wells Fargo, and me. I explained to Mr. McMoran what I was looking for and what I wanted to do with the business loan. He said, Mr. McMoran, that sounded fine and that he would e-mail me a list of information needed from me and once he received it back we can go from there.

7. On September 4, 2013, I received an e-mail from Mr. McMoran, (see Exhibit # 32).

8. On September 9, 2013, I e-mailed all the information back to Mr. McMoran that he had requested and I also sent a copy of this e-mail to Mr. Dugan, (see Exhibit # 33).

9. By September 28, 2013, I had not heard anymore from Mr. McMoran and I thought that this stockbroker, that I was in contact with, was going to assist me in raising the capital that I needed, so I e-mailed Mr. McMoran the following e-mail and I also sent a copy of this e-mail to Mr. Dugan, (see Exhibit # 34).

10. I did not receive any kind of response back from either Mr. McMoran or Mr. Dugan.

11. I do not remember who initiated the call but, I strongly doubt that it was Mr. McMoran or Mr. Dugan. Nevertheless we, Mr. McMoran and I, talked on November 4, 2013 because I sent him the following e-mail and I sent a copy of this e-mail to Mr. Dugan, (see Exhibit # 35).

12. I did not receive any kind of response back from Mr. McMoran or Mr. Dugan.

13. On December 9, 2013, I sent Mr. McMoran an e-mail requesting a smaller loan and I included with my request a notation about my initial loan request and I also sent a copy of this e-mail to Mr. Dugan, (see Exhibit # 36).

Case ID: 160203350

14. I did not receive any kind of response from Mr. McMoran or Mr. Dugan.

15. On August 6, 2014, I sent Mr. McMoran an e-mail requesting information that I would need to apply for a business loan and I also sent a copy of this e-mail to Mr. Dugan, (see Exhibit # 37).

16. As of the date of the filing of this Complaint, my initial loan request, my second loan request and my request for information to apply for another loan have all gone unanswered.

**Continued Argument:  Against Wells Fargo Bank:**

A. How am I different from the other business owners that Wells Fargo Bank has granted this legal right of business loans to?

B. According to the SBA Philadelphia District Loan Volume Report Fiscal Year 2013 (10/1/2012 to 9/30/2013), Wells Fargo Bank made 80 small business loans totaling $36,667,300.00, with the average loan being $458,341.00.

    a. The average loan issued by Wells Fargo was in the range of my initial loan request! Why did Wells Fargo Bank grant them their legal right to a loan, these 80 businesses, and not me?

    b. These 80 loans were all guaranteed by the SBA.

    c. **All eighty of them are benefitting from federal Law**!

    d. What other collateral was offered by these businesses to secure their loan?

    e. How many loans have these businesses received from this bank in the past?

    f. If so then, what was the financial condition of those businesses at the time that they received those loans?

    g. What makes me different from them? Did they contact Wells Fargo Bank in a different way?

    h. Do they all have $250,000.00 in annual sales?

    i. How many of them are veterans own businesses?

    j. How many of these loans are Patriot Loan?

Case ID: 160203350

    k.  What is the repayment status of each one of these loans?

    l.  How many other businesses applied for small business loans but were denied by Wells Fargo?

    m.  If this group does exist, why were they denied loans from Well Fargo?

    n.  Am I like this group, if it does exist, that were denied a small business loan and if so how?

C.  According to the SBA Philadelphia District Loan Volume Report Fiscal Year 2014 (10/1/2013 to 6/30/2014), so far this year, Wells Fargo Bank has made another 54 small business loans totaling $18,256,600.00, with the average loan being $338,085.00.

    a.  Here Wells Fargo Bank has granted this legal right to a business loan to another 54 businesses, with their business loan services.

    b.  That is a total of 134 different businesses that have been granted their legal right of a business loan by Wells Fargo loan department, during the same time period that I have been seeking a business loan.

    c.  What is so inherently different between my businesses and these 134 businesses that this bank has refused to allow me to even apply for a business loan?

    d.  Another way of looking at this question is, what do all of these, (these 134), businesses have in common that I, my businesses, do not have?

D.  In reference to the e-mail that I sent to Mr. McMoran and Mr. Dugan about how his (Mr. McMoran) information was very informative and helpful. The information that I received from Mr. McMoran was "misinformation". This misinformation worked for awhile but it did not and could not stand up to the test of time. I believe that I was given that misinformation at that time to distract and deter me from pursuing my loan request. The proof or disproof of this position can be found in the answer to the following question.

    a.  How many of these 134 businesses, that Wells Fargo granted loans to, had sufficient working capital to service their loans irrespective of the loan proceeds that they received?

E.  That misinformation was also behind the statement that I made in the e-mail that I sent to Mr. McMoran and Mr. Dugan in Exhibit # 34 about my "fully understanding....".

F.  At the time of filing of this Complaint, my initial business loan request, my second request for a smaller business loan and my last request for information so that I could apply for a business loan from Wells Fargo Bank have not been granted by this bank.

Case ID: 160203350

**Combined Argument Against Bank of America and Wells Fargo Bank:**

My federal government has promised, by federal law, that if I met their criteria for a business that they would guarantee a business loan, for said business. This promise is a right that the federal government has extended to all citizens in America. These loans can only be made by banks that the SBA has approved for issuing such loans. That is why I contacted the Bank of America and Wells Fargo Bank. They both have been approved to issue loans to business, with government guarantees. **The federal government and Pennsylvania law has trusted them to do the right thing, by abiding by all their laws.**

But yet, these banks have denied me this legal right. Why? I have federal identification numbers for both corporations. I have DUNS numbers for both. I have legally incorporated both corporations in the State of Pennsylvania and I have business licenses for both from the City of Philadelphia. I have tax records and I have financial statements. I am a natural United States citizen. I have business plans and I have business projections. I have everything a business owner is supposed to have by federal, state and local laws, in order to operate a business. So, why has these banks denied me my legal right to a loan?

Both of these banks have issued a combined total of 140 SBA guaranteed small business loans. Why were these other businesses granted this legal right and not me? Is there some policy somewhere that I have overlooked that has caused this denial? I doubt it! The policy of the SBA is clear and unmistakable. The federal laws that the SBA uses are clear and unmistakable. The banks own policies on their own web sites, in regard to these federal laws, are clear and unmistakable. They all state the clarity of federal laws, in regards to loan assistances for small businesses.

Nevertheless I have been denied the right to enter into a contract of a business loans by these banks. Why? This is a legal right that is guaranteed to me by federal law. I cannot be denied this legal right, but yet I have by these SBA approved banks. There has to be a reason for this denial of my legal rights by these banks. There has to be some explanation for their actions.

The only valid explanation has to be a type of discrimination by these banks. What this discrimination is based on has to be established in court. But, any type of discrimination is illegal according to federal and state laws.

Because of this lack of action, the denial of my legal rights to a business loan, by these banks, I have missed out on a number of business opportunities that a business loan would have secured for me. Those lost opportunities have injured the growth and development of my business and in turn have injured the growth and development of my family, my community and myself.

**INJURY**

The lost opportunities that I am referring to, which has injured the development of my businesses, are listed below according to the business plans, that I was working on at the time, that each bank was contacted for financial assistance, in the form of a business loan:

The Bank of America:

1. The property that I was seeking to purchase, with my original loan request, has now became infeasible for my business development. Part of the property has recently been sold to a developer and the remaining parcel is too constricted for my businesses development.

2. By not have a physical business location, other than my home, this has also hindered my ability to control and expand my publishing capabilities. I needed that property to house the publishing equipment, which I was looking to purchase, and support services for publishing, like office space for writers, staff, etc.

3. This hindrance, of not having a business loan, is also preventing me from the possibility of being able to acquire the 20 acres of land, in Delaware, which is still available, for my Project Seedling. Project Seedling is the building and operation of my own low power FM radio station.

4. This denial of a business loan has hindered by ability to even have the opportunity to expand my businesses.

Wells Fargo Bank:

1. The property that I was seeking to purchase, with my original loan request, was recently sold. The new owners are not interested in selling this property, again. They only want to lease it.

2. I was given the opportunity to purchase this building right-out by the realtor handling the sale. That is why I went to this bank! The banks denial of service caused me to lose this property.

3. By not have a physical business location, other than my home, this has also hindered my ability to control and expand my publishing capabilities. I needed that property to house the publishing equipment, which I was

Case ID: 160203350

looking to purchase, and support services for publishing, like office space for writers, staff, etc.

4. This denial of a business loan has hindered by ability to even have the opportunity to expand my businesses.

## RELIEF SOUGHT

If after trial, and the court finds in favor of me, the plaintiff, I request the following relief be granted to me from the defendants by this court:

## COMPENSATORY DAMAGES

I ask this court to award me monetary compensation of:

- $259,000.00 from the Bank of America that was the asking price of the property (1724 W. Indiana Ave, Philadelphia, Pa.) I sought a loan for, which has now been render infeasible for my business development needs.

- $49,900.00 for the 20 acres of land in Delaware, if it is no longer available at the conclusion of this trial from the Bank of America.

- $350,000.00 from Wells Fargo Bank that was the sale price of the sold property (520 W. Roosevelt Blvd., Philadelphia, Pa.) that I sought a loan for.

- That both of these banks, Bank of America and Wells Fargo Bank, allow me to apply for a business loan from both of them.

Case ID: 160203350

PUNITIVE DAMAGES

I ask this Court to award me monetary compensation of $100,000,000.00 in punitive damages from each of the Defendants for their continued discriminatory practices.

I declare under the penalty of perjury that the foregoing statements in this Complaint are true and correct.

February 22, 2016

Waliyyuddin S. Abdullah

Case ID: 160203350

## CERTIFICATE OF SERVICE

I, Jeffrey M. Weimer, hereby certify that I caused to be served a true and correct copy of the foregoing Notice of Removal this __2nd__ day of November, 2016 by via Regular and Certified Mail, postage prepaid, upon the following:

Waliyyuddin Abdullah
2451 N. 19th Street
Philadelphia PA 19132

*Pro se* Plaintiff

_____
Jeffrey M. Weimer